# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

YAN LIU,
                    *Petitioner,*

            v.

ERIC H. HOLDER JR., Attorney
General,
                    *Respondent.*

No. 08-72849

Agency No.
A077-309-486

ORDER
AMENDING
OPINION AND
DENYING THE
PETITION FOR
PANEL
REHEARING AND
AMENDED
OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
March 10, 2010—Seattle, Washington

Filed February 23, 2011
Amended May 3, 2011

Before: Raymond C. Fisher and Marsha S. Berzon,
Circuit Judges, and G. Murray Snow, District Judge.*

Opinion by Judge Fisher

_____

*The Honorable G. Murray Snow, United States District Judge for the
District of Arizona, sitting by designation.

5731

## COUNSEL

Frederick P.S. Whang, Seattle, Washington, for the petitioner.

Tony West, William C. Peachey and Jonathan Robbins (argued), United States Department of Justice, Washington, D.C., for the respondent.

## ORDER

The motion to amend the opinion, filed March 25, 2011, is **GRANTED IN PART and DENIED IN PART**.

The opinion filed on February 23, 2011, slip op. 2789, and appearing at 632 F.3d 1150 (9th Cir. 2011), is **AMENDED** as follows:

In Section II.B of the opinion, at slip op. 2806 through 2807, 632 F.3d at 1160, the sixth paragraph, which states:

> In support of its ruling, the BIA also cited the IJ's fourth ground for the frivolousness finding — the discrepancy between the dates of Liu's uncle's arrest. As discussed previously, Liu did have some opportunity to explain this discrepancy, and we have agreed the IJ was justified in finding her explanation not credible. But an opportunity to explain that is sufficient to support an adverse credibility determination does not necessarily support a frivolousness finding. Here, Liu's explanation of the date discrepancy suggests she understood the IJ might have been questioning the credibility of her testimony, but not that she realized the IJ believed she was presenting a deliberately false claim to the court meriting a frivolousness finding. Liu might have been improvising in her varying recollections of the dates, and in suggesting that her uncle might have "screwed up" his arrest date in his letter. If the IJ thought Liu was outright lying in an effort to put forward a fraudulent asylum claim, the IJ needed to do more to make that clear to Liu so she could try to dispel that impression.

shall be **DELETED**.

In the next paragraph of the same section, at slip op. 2807, 632 F.3d at 1161, the final sentence, which states:

> Thus the grounds the IJ and BIA invoked to support the frivolousness finding that Liu did not have proper opportunity to explain must be disregarded.

shall be **DELETED**.

In Section II.C of the opinion, at slip op. 2807, 632 F.3d at 1161, the first sentence of the first paragraph, which states:

> Even if we assume Liu's opportunity to address the conflicting dates of her uncle's arrest sufficed for frivolousness purposes, the date discrepancy by itself is insufficient evidence of fraud under *In re Y-L-*'s third requirement.

shall be **DELETED** and **REPLACED** with the following sentence:

> Even if we assume that Liu had sufficient opportunity to address the fourth identified ground for the frivolousness finding, the conflicting dates of her uncle's arrest, this date discrepancy by itself is insufficient evidence of fraud under *In re Y-L-*'s third requirement.

\* \* \*

Appellant's petition for panel rehearing, filed April 8, 2011, is **DENIED**.

No future petitions for rehearing or petitions for rehearing en banc will be entertained.

---

# **OPINION**

FISHER, Circuit Judge:

This appeal concerns the distinction between an applicant for asylum whose testimony lacks credibility and one who has

"deliberately fabricated" material aspects of her application, and focuses on the heightened protections that condition the latter finding. "[A]n asylum application is frivolous if any of its material elements is deliberately fabricated." 8 C.F.R. § 1208.20. If found to have "knowingly made a frivolous application for asylum," an applicant will be "permanently ineligible for any benefits under [the Immigration and Nationality Act]," including asylum relief. 8 U.S.C. § 1158(d)(6). Given these harsh consequences, the distinctions between the requirements for an adverse credibility determination and a frivolousness finding are of critical importance.

In this case, we hold that substantial evidence supports the Board of Immigration Appeals' (BIA) denial of petitioner's asylum and withholding of removal claims based on petitioner Yan Liu's lack of credibility. However, whether Liu submitted a frivolous asylum application is a distinct question requiring a separate analysis. Although the grounds cited for the adverse credibility determination overlap to some extent with the grounds cited for the frivolousness finding, the heightened requirements for the latter finding were not met. Liu was not given an adequate opportunity to address all the grounds for the frivolousness finding, and those she was able to address are insufficient, standing alone, to support the frivolousness determination. Accordingly, we grant Liu's petition in part.

## BACKGROUND

Liu is a native of China who arrived in the United States on April 18, 2000. Her mother had arranged the trip with smugglers. At Liu's airport interview, she told the immigration officer she left China because there were no jobs, and the wages were inadequate for her to support her parents. When asked if she feared being sent back, she said she would be arrested and beaten, and would not "be treated like a human being."

On April 25, Liu was interviewed by an asylum officer and, for the first time, she mentioned the Falun Gong.[1] She told the officer she left China because, "I have no work in China and I am involved with the Falun Gong," and said if she returned, she would be "captured and put in jail." Asked why she did not mention the Falun Gong at her airport interview, she said she was tired, scared, confused and worried that she would be sent back if she discussed it. The asylum officer found her to be credible.[2]

In February 2001, after an asylum hearing at which Liu testified and introduced evidence, the IJ denied Liu's application. The IJ first ruled (erroneously) that Liu could not qualify for asylum or withholding of removal because her membership in Falun Gong fell within neither the "particular social group" nor "political opinion" categories.[3] The IJ further concluded that Liu did not meet the requirements for relief under the Convention Against Torture. The IJ alternatively denied Liu's asylum and withholding of removal claims based on an adverse credibility determination, citing several grounds for her finding that Liu was not a credible witness.

First, the IJ noted a date discrepancy. Liu testified that her uncle, with whom she lived, taught her about Falun Gong, and

[1]Falun Gong is a spiritual movement that blends Buddhist and Taoist philosophies with meditation and martial arts exercises. *See Zhang v. Ashcroft*, 388 F.3d 713, 715 (9th Cir. 2004) (per curiam).

[2]This interview was transcribed and is part of the administrative record. The officer provided Liu with an interpreter and gave her an opportunity to clarify her answers at the conclusion of the interview. Accordingly, the IJ and the BIA could use the interview transcript to impeach Liu's credibility even though the asylum officer did not testify at the hearing. *See Singh v. Gonzalez*, 403 F.3d 1081, 1089 (9th Cir. 2005).

[3]The BIA did not rely on this ground in affirming the IJ. By 2004, after both the IJ's decision and the first BIA decision, we clarified that persecution based on Falun Gong membership may meet the religious group and political opinion grounds for asylum. *See Zhang*, 388 F.3d at 720-21; *see also Zhou v. Gonzales*, 437 F.3d 860, 868-70 (9th Cir. 2006).

initially said he was arrested for his Falun Gong practice in the middle of August 1999. Later, however, she gave the date of his arrest as September 3, 1999. Both dates conflicted with a letter submitted by Liu, purportedly written by her uncle, that stated that he was arrested on September 28, 1999. Liu explained that his letter was generally reliable but that "maybe he is kind of screwed up with the time." The IJ was not persuaded, and found the discrepancies undermined Liu's credibility.

Second, the IJ found that Liu's failure to mention Falun Gong during her initial airport interview called her credibility into question. Liu explained that she did not fully understand the translation, was "tired and fatigued" after her travels, and, when she saw people being sent back, felt too scared to "answer what [she] really want[ed] to say." The IJ did not believe Liu's explanation, but instead concluded that she had made up her involvement with Falun Gong after obtaining counsel.

Third, the IJ thought it suspicious that Liu's uncle's letter mentioned practicing Falun Gong with a group in a park, but did not specify that he had practiced there with Liu, as she had testified. The IJ concluded that Liu's explanation for the omission — that she had secretly followed her uncle to the park and hidden behind others so she could practice with his group without his knowledge — was not credible. Finally, the IJ concluded that Liu's uncle's letter appeared fabricated because it stated that Falun Gong was outlawed in September 1999, whereas country reports state that it became illegal in July 1999.

After making the adverse credibility determination, the IJ "further ma[de] a finding that the applicant ha[d] filed a frivolous asylum application." The IJ's decision specified four grounds for the frivolousness finding, including the conflicting dates of Liu's uncle's arrest she previously cited as a ground for her adverse credibility determination.[4] The three

---

[4]Although the IJ lists six grounds, the first and second discuss the different dates of Liu's uncle's arrest, and the fifth and sixth address the

other grounds were, however, distinct from those previously discussed with regard to the IJ's adverse credibility determination.

First, the IJ noted that the letter from Liu's uncle said she had gone into hiding in various places and did not dare go out in public during the day, whereas Liu testified that she worked part-time in those places. Second, although the letter stated that police released Liu's uncle with orders to turn his niece in or face severe punishment, the IJ saw "no evidence that he was punished severely as a consequence of his failure to turn his niece in." Third, the IJ found Liu's testimony about the time period during which she practiced Falun Gong to be internally inconsistent. She noted that Liu told the asylum officer she stopped practicing Falun Gong in June 1999, but in the next sentence said she stopped practicing in the middle of August 1999.

In 2003, the BIA affirmed the IJ's decision "to the extent that the Immigration Judge found that the respondent failed to establish any basis for a valid claim under the Convention Against Torture, that she gave testimony that was not credible in support of her applications for relief from removal, and that she filed a frivolous asylum application." While Liu's appeal to this court was pending, the government submitted an unopposed motion to remand in light of the BIA's decision in *In re Y-L-*, 24 I. & N. Dec. 151 (B.I.A. 2007), which established new procedural requirements for finding an asylum application frivolous under 8 C.F.R. § 1208.20. We granted the motion.

After we did so, the government asked the BIA to remand to the IJ "because the record was stale and because the [IJ] failed to make an explicit credibility finding." The BIA

chronology of her Falun Gong practice. Because of the overlap, items one and two are discussed together, as are five and six.

denied the motion, concluding that the IJ had made an explicit credibility finding and that the record was sufficient. The BIA's 2003 adoption of the IJ's adverse credibility finding, therefore, remains the Board's final decision on Liu's credibility.

The BIA also affirmed the IJ's frivolousness finding after concluding that the four procedural requirements set forth in *In re Y-L-* had been satisfied. First, there was no dispute that Liu was given proper notice at the outset of the hearing of the consequences of filing a frivolous asylum application. Second, the BIA found the IJ had separately analyzed and made findings regarding deliberate fabrication. Third, the BIA discussed specific grounds it identified as supporting the frivolousness finding by a preponderance of the evidence. The BIA noted the absence of any reference to Falun Gong in Liu's airport interview and concluded that her explanation that she was afraid and confused was inadequate. It also cited the inconsistent dates given for Liu's uncle's arrest and Liu's shifting account of the time frame during which she practiced Falun Gong, concluding these inconsistencies supported a finding of knowing fabrication. Finally, the BIA found that Liu was given adequate opportunities to address these grounds. The BIA thus affirmed its previous frivolousness finding.

The present petition challenges both this finding and the earlier denial of Liu's asylum and withholding of removal claims. We have jurisdiction under 8 U.S.C. § 1252(a)(1).

## STANDARD OF REVIEW

"When the BIA conducts its own review of the evidence and law rather than adopting the IJ's decision, our review 'is limited to the BIA's decision, except to the extent that the IJ's opinion is expressly adopted.' " *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010) (quoting *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006)). Because Liu's application

for relief was filed before May 11, 2005, pre-REAL ID Act standards apply. *See Kaur v. Gonzales*, 418 F.3d 1061, 1064 n.1 (9th Cir. 2005). We review credibility findings for substantial evidence. *See Lopez-Reyes v. INS*, 79 F.3d 908, 911 (9th Cir. 1996). Whether the IJ complied with the BIA's four procedural requirements for a frivolousness finding is a question of law we review de novo. *See Khadka v. Holder*, 618 F.3d 996, 1002 (9th Cir. 2010).

## DISCUSSION

Liu's petition challenges the BIA's denial of her asylum and withholding of removal claims and its finding that she filed a frivolous asylum application. We deny her petition as to asylum and withholding of removal because the IJ's adverse credibility determination, as adopted by the BIA, was supported by substantial evidence. We grant her petition as to the frivolousness finding, however. Although the grounds for the adverse credibility determination overlap with those the IJ and BIA cited in support of the frivolousness finding, "a finding of frivolousness does not flow automatically from an adverse credibility determination." *Id.* The heightened substantive and procedural requirements for a frivolousness finding make that inquiry distinct, and we conclude those heightened requirements were not met here. We reject Liu's final claim that the IJ violated her due process rights.

## I.   Credibility

**[1]** An asylum applicant bears the burden of establishing her claim through credible evidence. *See* 8 U.S.C. § 1158(b)(1)(B); *Singh v. Ashcroft*, 367 F.3d 1139, 1142 (9th Cir. 2004). We need discuss only three of the IJ's grounds for her adverse credibility determination to conclude that Liu did not meet her burden.

First, Liu's failure to mention Falun Gong at her airport interview undermines her credibility to some degree. In *Li v.*

*Ashcroft*, 378 F.3d 959, 962-63 (9th Cir. 2004), we expressed a reluctance "to view statements given during airport interviews as valuable impeachment sources because of the conditions under which they are taken and because a newly-arriving alien cannot be expected to divulge every detail of the persecution he or she sustained." We nonetheless concluded that substantial evidence supported the adverse credibility finding, explaining that the petitioner had not "simply failed to mention an instance of abuse or to provide as much detail in his airport interview," but instead had "affirmatively denied any mistreatment by the Chinese Government . . . and explained that he left China for financial reasons." *Id.* at 963.

**[2]** We elaborated on *Li* in *Yan Xia Zhu v. Mukasey*, 537 F.3d 1034, 1041 (9th Cir. 2008), explaining that when an arriving alien provides only a "vague outline" of an asylum claim at an airport interview, the lack of detail cannot support an adverse credibility determination. There, the petitioner said in her airport interview that she was being "persecuted by [her] boss." *Id.* at 1040. She later requested asylum because, she alleged, the police began harassing her after she reported that her boss, a local factory owner and politician, had raped her. *Id.* at 1036-37. We held that the petitioner's failure to provide more than a one-sentence summary of her asylum claim at her airport interview was not inconsistent with her "more detailed testimony at the hearing [before the IJ]" and therefore could not support an adverse credibility determination. *Id.* at 1041.

**[3]** Here, Liu's statements at her airport interview fall somewhere between those in *Li* and *Yan Xia Zhu*. Liu did not deny mistreatment in China, but she failed to mention Falun Gong, the central element of her asylum claim. Furthermore, Liu's affirmative statement that her primary motivation for leaving China was to find a better paying job is in significant tension with her asylum claim, even if it does not directly contradict it. Liu was given an opportunity to address this incongruity at her hearing, consistent with the requirements

for adverse credibility determinations outlined in *Soto-Olarte v. Holder*, 555 F.3d 1089, 1091-92 (9th Cir. 2009), but the IJ reasonably found unsatisfactory her explanation that she failed to mention the persecution she had experienced because she was "tired." Although Liu's statements at her airport interview taken alone might not suffice to support the IJ's adverse credibility finding, they do so when taken together with other discrepancies in Liu's testimony.

Second, the IJ found outlandish Liu's attempt to explain why her uncle's letter did not mention that she practiced Falun Gong with him in the park. Liu's explanation that she had surreptitiously followed him there and performed behind other practitioners without his knowledge does not contradict the uncle's letter — he merely said he practiced in the park with others and did not mention Liu. Nonetheless, given the improbable nature of Liu's story, the IJ permissibly concluded that it undermined Liu's credibility.

Finally, the IJ noted inconsistencies in Liu's testimony regarding when her uncle was arrested for his Falun Gong practice. Liu initially testified that his arrest took place in August 1999, but quickly changed her testimony, saying it actually occurred in September. She then repeatedly insisted that he was arrested on September 3, testifying that she remembered the date very clearly. The letter from her uncle, however, stated that he was arrested on September 28, 1999. When she was questioned about this discrepancy, Liu offered that her uncle, who wrote in his letter that he was 56 years old, must be "too old" to remember the date of his own arrest. The IJ found this rationale inadequate and concluded that the differing dates and unsatisfactory explanation further undermined Liu's credibility.

**[4]** We hold that, taken together, Liu's statements at her airport interview, her improbable explanation for the omission in her uncle's letter and her shifting account of her uncle's arrest constitute sufficient evidence to support the IJ's adverse

credibility determination. Although Liu was not given an adequate opportunity to address some of the IJ's other grounds for questioning her claims, as will be discussed below, she did have an adequate opportunity to address these three grounds, and together they are sufficient to sustain the adverse credibility determination. *See id.* Accordingly, we deny Liu's petition as to her asylum claim.[5]

## II.   Frivolous Application

We turn next to the BIA's finding that Liu knowingly filed a frivolous asylum application rendering her "permanently ineligible for any benefits under [the Immigration and Nationality Act]." 8 U.S.C. § 1158(d)(6). Just as the consequences of a frivolousness finding are more severe than those of an adverse credibility determination, the substantive and procedural requirements for a frivolousness finding are more stringent as well. We conclude that these heightened requirements were not met here. For most of the grounds cited in support of the frivolousness finding, Liu had inadequate notice of that intended finding, and therefore did not have the requisite opportunity to explain the perceived discrepancies. The two grounds Liu did have some opportunity to address are insufficient to support the frivolousness finding.

## A.   Heightened Substantive and Procedural Requirements

[5] As we recently explained in *Khadka*, a frivolousness finding differs from an adverse credibility determination in at least four essential substantive respects. First, an asylum

---

[5]Because Liu failed to meet her burden of establishing eligibility for asylum, she necessarily failed to satisfy the higher standard for withholding of removal. *See Lanza v. Ashcroft*, 389 F.3d 917, 933 (9th Cir. 2004). We also deny the petition for review as to relief under the Convention Against Torture, because Liu did not challenge the BIA's conclusion on this issue in her brief. *See Singh v. Ashcroft*, 361 F.3d 1152, 1157 n.3 (9th Cir. 2004).

application may be deemed frivolous only if it contains "deliberate[ ] fabricat[ion]," 8 C.F.R. § 1208.20, and the applicant has thus perpetrated a fraud on the court. *See In re Y-L-*, 24 I. & N. Dec. at 155 n.1 (explaining that "the term 'fraudulent' may be more appropriate than the term 'frivolous' when applied to a questionable asylum application"). Accordingly, there is a heightened scienter requirement — the conduct giving rise to a frivolousness finding must be much more serious than the "omission, inconsistency, or discrepancy" that may support an adverse credibility determination. *See Khadka*, 618 F.3d at 1002.

**[6]** Second, a frivolousness determination requires a finding that a "*material element*" of the claim was fabricated, whereas an adverse credibility determination may be supported by an inconsistency or apparent falsehood that merely *relates to* a material element of the claim. *Id.* (emphasis added).[6] Third, although the "applicant for relief from removal has the burden of demonstrating that he or she meets all of the requirements" for such relief, the burden shifts to the government to prove the applicant has filed a frivolous application. *In re Y-L-*, 24 I. & N. Dec. at 157. Fourth, a frivolousness finding requires a stronger evidentiary showing than an adverse credibility finding: frivolousness must be proven by a preponderance of the evidence, whereas an adverse credibility finding must be supported only by substantial evidence. *See Khadka*, 618 F.3d at 1002 & n.5.

In addition to these heightened substantive requirements, the BIA in *In re Y-L-* set forth four procedural requirements for a frivolousness finding:

---

[6]The REAL ID Act's elimination of the requirement that inconsistencies supporting an adverse credibility determination must "go to the heart of" the claim does not apply here because Liu filed her asylum application before May 11, 2005. *See Cortez-Pineda v. Holder*, 610 F.3d 1118, 1124 n.7 (9th Cir. 2010).

> (1) notice to the alien of the consequences of filing a frivolous application; (2) a specific finding by the Immigration Judge or the Board that the alien knowingly filed a frivolous application; (3) sufficient evidence in the record to support the finding that a material element of the asylum application was deliberately fabricated; and (4) an indication that the alien has been afforded sufficient opportunity to account for any discrepancies or implausible aspects of the claim.

24 I. & N. Dec. at 155. We adopted the BIA's analytical framework for our own review in *Ahir v. Mukasey*, 527 F.3d 912, 917 (9th Cir. 2008).

Liu does not dispute that the first procedural requirement (notice) was satisfied. She does argue that the IJ failed to make a specific finding of frivolousness, the second requirement. Liu apparently misunderstands this requirement. She cites pages from the *hearing* transcript as evidence that the IJ did not make specific findings, but ignores the six numbered grounds in the IJ's *decision*, under the heading "Finding of Frivolous Claim." These specific grounds satisfy the second requirement. *See id.* at 918.

We do not address at this point the third requirement that there be sufficient supporting evidence because, looking ahead to the fourth requirement, we conclude Liu was not given sufficient notice and opportunity to explain most of the grounds invoked for the frivolousness finding. Absent those grounds, the two Liu did have some opportunity to address — the conflicting testimony regarding the date of her uncle's arrest and her failure to mention Falun Gong at the airport interview — are not alone sufficient evidence that Liu deliberately fabricated a material element of her asylum application. We therefore turn to why the fourth requirement was not satisfied here.

## B.  Insufficient Opportunity to Account for Discrepancies

**[7]** "[D]uring the course of the proceedings, [an applicant must] ha[ve] had sufficient opportunity to account for any discrepancies or implausible aspects of the claim" before they can be used by the IJ as grounds for a finding of frivolousness. 8 C.F.R. § 1208.20; *see also In re Y-L-*, 24 I. & N. Dec. at 155. To meet this requirement, it must be made apparent to the applicant that a particular discrepancy or implausibility is considered potentially fraudulent, rather than merely a basis for finding the applicant not credible. As the BIA admonished in *In re Y-L-*, it is "good practice for an Immigration Judge who believes that an applicant may have submitted a frivolous asylum application to bring this concern to the attention of the applicant prior to the conclusion of proceedings." 24 I. & N. Dec. at 159-60; *see also Farah v. Ashcroft*, 348 F.3d 1153, 1158 (9th Cir. 2003) (remanding to the BIA because the applicant did not have the opportunity to address the particular grounds relied on by the IJ in making a frivolousness finding) (cited by the BIA in Liu's case).

**[8]** Recently, in *In re B-Y-*, 25 I. & N. Dec. 236 (B.I.A. 2010), the BIA elaborated on the *In re Y-L-* standard. It clarified that, although its "good practice" suggestion was "not meant to add a blanket requirement," "the opportunity for explanation requires that an Immigration Judge not rely on inconsistencies that take [an applicant] by surprise." *Id.* at 242. Accordingly, "[w]hen the required frivolousness warnings have been given to the [applicant] prior to the start of a merits hearing, the Immigration Judge is not required to afford additional warnings or seek further explanation in regard to inconsistencies that have become *obvious* to the [applicant] during the course of the hearing." *Id.* (emphasis added). In Liu's case, however, three of the four grounds the IJ specified in support of the frivolousness finding were not "obvious or glaring." *Id.* Accordingly, it should have been "brought to the attention of the [applicant] during the course

of the hearing" that they were being considered as evidence of fraud so Liu would have an opportunity to explain them in that light. *Id.* The record reflects this did not happen.

**[9]** The three grounds Liu did not have sufficient notice and opportunity to explain were the following: First, the IJ found a conflict between Liu's uncle's letter's statement that she went into hiding after his arrest, and Liu's statement that she worked at part-time jobs as she moved from town to town. Second, the IJ noted that the Chinese government apparently failed to punish Liu's uncle for not turning Liu in after he was released with orders to do so, despite threats of severe punishment mentioned in his letter. Third, the IJ noted that Liu gave internally inconsistent testimony regarding the time period during which she practiced Falun Gong. Had Liu been aware the IJ perceived these issues to be evidence of intentional fraud, Liu might have been able to disabuse the IJ of her belief that Liu intended to perpetrate a fraud rather than simply failed to articulate a persuasive or even credible explanation of the inconsistencies.

**[10]** The BIA, however, found the IJ's announcement at the end of the hearing that she intended to make a frivolousness finding sufficient to satisfy *In re Y-L-*'s fourth requirement. The IJ advised Liu, "I am going to make a frivolous[ness] finding," and then added:

> Counsel, if you wish to make a resolution with the INS and the INS wishes to try to dispose of this case without a frivolous[ness] finding or wishes — if your client wishes to do that, I may reconsider the [finding] before I issue the final ruling . . . . Do you wish to make — to have a discussion with the INS . . . or your client?

Giving Liu an opportunity to negotiate a settlement with the government to avoid the frivolousness finding is not the same as giving her a chance to address the IJ's specific grounds for

finding her to have "deliberately fabricated" material aspects of her claim.

**[11]** *Ahir* illustrates the distinction. There the IJ "first provided Ahir with a lengthy and detailed explanation of the discrepancies at issue and asked her to explain. When she proved unable to do so, [the IJ] asked her directly, '[d]id you present to me a false claim for asylum, a made-up claim?' " *Ahir*, 527 F.3d at 919. *Accord Ceraj v. Mukasey*, 511 F.3d 583, 590-91 (6th Cir. 2007) (holding that the applicant had the requisite opportunity to respond after the IJ announced an intention to make a frivolousness finding and advised, "Now is your one and only opportunity, sir, to explain to me why those were not blatant falsehoods. . . . [I]f you've lied to me, now's your time to fess up."). Liu was not directly confronted in a comparable manner or otherwise given "sufficient opportunity to account for" the grounds the IJ and BIA identified for the frivolousness finding. 8 C.F.R. § 1208.20; *see In re Y-L-*, 24 I. & N. Dec. at 155. Contrary to the BIA's ruling, the IJ's end-of-hearing declaration of her intent to make a frivolousness finding was not "a full opportunity to offer further explanation for the inconsistencies in the record."

**[12]** Given the harsh consequences that follow from a frivolousness finding, the line between adverse credibility and fraud must be carefully maintained. The requirement that an applicant be given an opportunity to respond directly to a proposed frivolousness finding assists in doing so. An applicant whose testimony creates incongruities she cannot resolve might nonetheless persuade the IJ that the shortcomings in her claim do not warrant the more extreme finding of premeditated fraud. *Cf. Khadka*, 618 F.3d at 1004 ("Given proper warning, an asylum applicant may be able to rebut an allegation that he filed a frivolous asylum application without actually convincing a finder of fact that he had not presented fabricated evidence."). Without knowing how an applicant responds to this more focused inquiry, we cannot properly

determine whether that higher threshold has been crossed. That is the situation we find here.

## C.   Insufficient Evidence That a Material Element of the Asylum Application Was Deliberately Fabricated

Even if we assume that Liu had sufficient opportunity to address the fourth identified ground for the frivolousness finding, the conflicting dates of her uncle's arrest, this date discrepancy by itself is insufficient evidence of fraud under *In re Y-L-*'s third requirement. Although the discrepancy supports the IJ's adverse credibility determination, and thus the IJ's conclusion that Liu failed to carry her burden of demonstrating eligibility for asylum relief, the burden shifts to the government to prove that Liu filed a frivolous application. *See In re Y-L-*, 24 I. & N. Dec. at 157. The date discrepancy is insufficient to meet that burden, particularly given the higher, preponderance of the evidence standard required to support a frivolousness finding. *See Khadka*, 618 F.3d at 1002.

As an initial matter, as the IJ herself repeatedly acknowledged, any fabrication could have been the work of Liu's uncle rather than Liu. That would not meet the requirement that "the applicant deliberately fabricated" the information, nor would it satisfy the heightened scienter requirement for frivolousness determinations. *See id.* Moreover, although the date of Liu's uncle's arrest was "*relat[ed] to* a material element" of her application, and could thus be used to support the adverse credibility finding, the arrest date is not *itself* a material element of the claim, as is required for a frivolousness finding. *See id.* Accordingly, the discrepancy regarding the arrest date does not alone constitute sufficient evidence to carry the government's burden of proving frivolousness.

The BIA also cited Liu's failure to mention Falun Gong at her airport interview as a factor supporting the finding of frivolousness. Liu had some opportunity to address this issue, but as we have explained, even when coupled with other inconsis-

tences this omission was at best barely sufficient to support the IJ's adverse credibility finding. Accordingly, it alone cannot meet the heightened requirements for a frivolousness finding.

**[13]** In sum, because Liu was not given a proper opportunity to address most of the grounds cited for the frivolousness finding, and because the grounds she did have some opportunity to address do not, without the others, amount to sufficient evidence of frivolousness, we grant Liu's petition and vacate the BIA's finding that she submitted a frivolous application for asylum.

## III.   Due Process

**[14]** Finally, we briefly address Liu's separate due process claim. Liu argues that the IJ violated her due process rights by prejudging the merits of her claim and by assuming a prosecutorial role. *See Jacinto v. INS*, 208 F.3d 725, 727 (9th Cir. 2000) ("Due process requires that an alien receive a full and fair hearing."). We review due process claims de novo. *See id.* As to the first argument, the IJ initially expressed skepticism that membership in Falun Gong could support an asylum claim. The IJ thus suggested that Liu focus on threats actually directed at her because further testimony about her practice of Falun Gong would be irrelevant. At the second hearing, however, the IJ decided to reopen testimony on this point to allow Liu to give her full account of her Falun Gong involvement. Thus, even assuming the IJ's initial actions were improper, we conclude that Liu did not suffer the requisite prejudice to establish a due process violation. *See id.* at 728 ("Prejudice occurs when the rights of the alien have been transgressed in such a way as is likely to impact the results of the proceedings.").

**[15]** As to Liu's second argument, we have reviewed the record and found no evidence that the IJ improperly assumed a prosecutorial role. In actively questioning Liu to determine

whether inconsistencies could be resolved, the IJ did not show a "predisposition to discredit" Liu's testimony that would cause us to question the IJ's impartiality. *Garrovillas v. INS*, 156 F.3d 1010, 1015 (9th Cir. 1998). Again, Liu's due process rights were not violated.

## CONCLUSION

We hold that substantial evidence supports the IJ's adverse credibility determination, adopted by the BIA, and thus deny Liu's petition as to her asylum and withholding of removal claims. We grant Liu's petition as to the frivolousness finding, vacate that finding and remand to the BIA for further proceedings consistent with this opinion. The parties shall bear their own costs on appeal.

**GRANTED in part; DENIED in part; and REMANDED.**