**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 23 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



OLLINCE TOUSSAINT,

 Petitioner,

 v.

ERIC H. HOLDER, JR., Attorney
General,[*]

 Respondent.

No. 07-73687

Agency No. A98-546-995

MEMORANDUM[**]

On Petition for Review of an Order.
of the Board of Immigration Appeals

Submitted May 12, 2011[***]
San Francisco, California

---

 [*] Eric H. Holder, Jr. is substituted for his predecessor, Michael B.
Mukasey, as Attorney General of the United States, pursuant to Federal Rule of
Appellate Procedure 43(c)(2).

 [**] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

 [***] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: GOULD and M. SMITH, Circuit Judges, and ST. EVE, District Judge.[****]

Petitioner Ollince Toussaint, a native and citizen of Haiti, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an Immigration Judge's ("IJ") order denying his application for asylum, withholding of removal, and protection under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252. We review credibility findings for substantial evidence, *Liu v. Holder*, – F.3d –, 2011 WL 1651244, at *4 (9th Cir. May 3, 2011), we review *de novo* claims of due process violations, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000), and we review for abuse of discretion the BIA's denial of a motion to remand, *Lin v. Holder*, 588 F.3d 981, 984 (9th Cir. 2009). We deny the petition for review.

Petitioner claims that the IJ's conduct during the asylum hearing violated his due process rights. Petitioner has failed, however, to demonstrate that "the proceeding was so fundamentally unfair that [he] was prevented from reasonably presenting his case." *Colmenar*, 210 F.3d at 971 (internal quotation marks omitted). To the contrary, petitioner was given an opportunity "to be represented by counsel, prepare an application for . . . relief, and . . . present testimony and

---

[****] The Honorable Amy J. St. Eve, United States District Judge for the Northern District of Illinois, sitting by designation.

2

other evidence in support of the application." *Zetino v. Holder*, 622 F.3d 1007, 1013 (9th Cir. 2010) (quoting *Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 926–27 (9th Cir. 2007) (ellipses in original and internal quotation marks omitted)). Accordingly, petitioner's due process claim fails.

In addition, substantial evidence supports the BIA's affirmance of the IJ's adverse credibility finding. *See Liu*, – F.3d –, 2011 WL 1651244, at *4. As petitioner concedes, the statements he made in his asylum application, his asylum interview, and his removal hearing contained discrepancies, inconsistencies, and omissions regarding his alleged experience of political persecution. Petitioner's testimony regarding events that preceded (and precipitated) his departure relate directly to the basis of his asylum claim. *See Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir. 2001) (explaining that an IJ may base his credibility finding on discrepancies and inconsistencies that relate to the basis for the alien's alleged fear of persecution and relate to the heart of the asylum claim).

Finally, the BIA did not abuse its discretion in denying petitioner's motion to reopen where he failed to show prima facie eligibility for the relief sought. *Romero-Ruiz v. Mukasey*, 538 F.3d 1057, 1063–64 (9th Cir. 2008). Nor did petitioner establish that the "evidence sought to be offered [wa]s material and was not available and could not have been discovered or presented at the former

hearing." *Rodriguez v. INS*, 841 F.2d 865, 867 (9th Cir. 1987) (internal quotation marks omitted).

**PETITION FOR REVIEW DENIED.**