**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ISAIAS ABRAHA HAILE, | No. 08-71409 |
| Petitioner, | Agency No. A099-541-055 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 16, 2012[**]
San Francisco, California

Before: TASHIMA, CLIFTON, and MURGUIA, Circuit Judges.

Petitioner Isaias Abraha Haile, a native and citizen of Eritrea, petitions for

review of the Board of Immigration Appeals' ("BIA") decision affirming the

immigration judge's ("IJ") denial of Haile's application for asylum, withholding of

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

removal, and protection under the Convention Against Torture ("CAT"). We deny the petition for review.

Our review of the credibility determinations in this case is governed by the REAL ID Act of 2005 because Haile's asylum application was filed after May 11, 2005. REAL ID Act of 2005, Pub. L. No. 109-13, § 101(h)(2), 119 Stat. 231; *see* 8 U.S.C. ' 1158(b)(1)(B)(iii). We review an adverse credibility determination for substantial evidence. *Malkandi v. Holder*, 576 F.3d 906, 908 (9th Cir. 2009). "We accord special deference to an IJ's credibility determination, and will only exercise our power to grant a petition for review when the evidence compels a contrary conclusion." *Khadka v. Holder*, 618 F.3d 996, 1000 (9th Cir. 2010) (internal quotation marks and alterations omitted).

Substantial evidence supports the BIA's conclusion that Haile was not credible. First, Haile's statements about the basis of his fear of persecution in Eritrea were inconsistent. When interviewed by a Customs and Border Patrol officer at the border, Haile told the officer that he left Eritrea because he feared being persecuted there, because the government was arresting believers in the Orthodox religion. However, at his credible fear interview, Haile stated that he left Eritrea because the military tried to enlist him when he was underage. Similarly, in his application for asylum and in his removal hearing, Haile claimed that he left

2

Eritrea because he opposed the government's policy of underage military recruitment, and feared that if he returned he would be punished for evading service.

The BIA properly relied on the lack of "consistency between the applicant's [ ] written and oral statements." 8 U.S.C. § 1158(b)(1)(B)(iii). At his initial interview, Haile "failed to mention [underage military recruitment], the central element of [his] asylum claim." *Yan Liu v. Holder*, 640 F.3d 918, 926 (9th Cir. 2011). This is a relevant factor that "can reasonably be said to have a bearing on a petitioner's veracity." *Ren v. Holder*, 648 F.3d 1079, 1084 (9th Cir. 2011) (internal quotation marks omitted).

Second, the IJ did not abuse her discretion in excluding a copy of Haile's baptismal certificate for lack of authentication. Haile did not bring the original to his removal hearing, and offered only his own testimony to authenticate the copy. However, the IJ found Haile's testimony not credible. In the absence of any acceptable form of authentication, the IJ cannot have abused her discretion in excluding the copy of the certificate. *See Vatyan v. Mukasey*, 508 F.3d 1179, 1185 (9th Cir. 2007) ("Immigration judges retain broad discretion to accept a document as authentic or not based on the particular factual showing presented.").

Third, the only other evidence of identity that Haile introduced was the testimony of his cousin's husband, Mr. Teckie. Haile has not shown that Mr. Teckie's testimony compels the conclusion that Haile established his identity. *See Avetova-Elisseva v. INS*, 213 F.3d 1192, 1196 (9th Cir. 2000) ("[A] petitioner contending that the Board's findings are erroneous must establish that the evidence not only *supports* that conclusion, but *compels* it." (internal quotation marks omitted)).

Because Haile failed to meet his burden of proof for asylum, he necessarily failed to meet the higher burden of proof for withholding of removal. *Ren*, 648 F.3d at 1094 n.17.

Substantial evidence also supports the BIA's conclusion that Haile failed to meet his burden for relief under CAT. Haile has offered no credible evidence that it is more likely than not that he would be tortured if removed to Eritrea. 8 C.F.R. § 1208.16(c)(2).

**PETITION DENIED.**