**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 13 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVIT KUDRYASHOV, | No. 07-74907 |
| Petitioner, | |
| v. | Agency No. A099-358-686 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 14, 2011
Pasadena, California

Before: PREGERSON and BYBEE, Circuit Judges, and DAVIDSON, Senior
District Judge.[**]

Petitioner Davit Kudryashov ("Kudryashov"), a native and citizen of

Armenia, seeks review of the Board of Immigration Appeals ("BIA") denying his

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Glen H. Davidson, Senior District Judge for the U.S.
District Court for the Northern District of Mississippi, sitting by designation.

application for asylum and withholding of removal.[1]  We have jurisdiction

pursuant to 8 U.S.C. § 1252.  We grant the petition and remand.

Kudryashov is a Molokan Christian who lived in Armenia before arriving in

the United States.  He testified that both he and his family members became targets

for persecution at the hands of Armenian government officials.  The Immigration

Judge ("IJ") found Kudryashov's testimony not credible and, on that basis, denied

his applications for asylum, withholding of removal, and protection under the

Convention Against Torture.  Kudryashov appealed to the BIA.  The BIA

dismissed Kudryashov's appeal and accepted the IJ's adverse credibility finding.

Because the BIA adopted the IJ's adverse credibility finding, we treat the

IJ's reasons as the BIA's reasons.  *See He v. Ashcroft*, 328 F.3d 593, 595-96 (9th

Cir. 2003).  We review for substantial evidence the agency's factual findings,

applying the REAL ID Act standards governing adverse credibility determinations.

*Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010).  "Although the

substantial evidence standard is deferential, the IJ must provide a specific cogent

reason for the adverse credibility finding."  *Gui v. INS*, 280 F.3d 1217, 1225 (9th

---

[1] Kudryashov did not specifically and distinctly challenge the denial of his Convention Against Torture claim in his opening brief on appeal, therefore, this claim is waived.  *See Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 2004) (citation omitted).

Cir. 2002) (internal quotation marks omitted); *see also Shrestha*, 590 F.3d at 1042 (explaining that the REAL ID Act did not alter this rule). Under the REAL ID Act, "a trier of fact may base a credibility determination on . . . any inaccuracies or falsehoods in [the applicant's] statements, without regard to whether an inconsistency . . . goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). Nevertheless, "trivial inconsistencies that under the total circumstances have no bearing on a petitioner's veracity should not form the basis of an adverse credibility determination." *Shrestha*, 590 F.3d at 1044. The IJ listed many reasons for her adverse credibility determination, but upon review of the record, we conclude that none of these reasons are supported by substantial evidence.

The inconsistencies between Kudryashov's oral testimony and his asylum interview are based on the asylum officer's Assessment to Refer. An applicant's interview statement in an Assessment to Refer may be permissible impeachment evidence if the statement is reliable. *Yan Liu v. Holder*, 640 F.3d 918, 926 (9th Cir. 2011). Nevertheless, we have found that an Assessment to Refer alone is not substantial evidence supporting an adverse credibility determination if it does "not contain any record of the questions and answers at the asylum interview, or other detailed, contemporary, chronological notes of the interview"; is only a "short,

3

conclusory summary – essentially, an opinion"; there "is no transcript of the interview"; the asylum officer did not testify at the hearing; and the applicant was not "given any opportunity to explain the discrepancies the asylum officer perceived." *Singh v. Gonzales*, 403 F.3d 1081, 1089-90 (9th Cir. 2005).

The Assessment to Refer here did not contain a transcript of the interview, and, aside from two pages of notes from the re-interview, did not contain any record of the questions and answers at the asylum interview or other detailed, contemporary, chronological notes of the interview. Furthermore, there is no indication that Kudryashov had the opportunity to review the Assessment before his merits hearing and the asylum officer did not testify at his removal hearing. Moreover, although the IJ asked Kudryashov whether he made certain statements to the asylum officer, Kudryashov was not asked to explain the discrepancies in the underlying statements. Therefore, the Assessment to Refer, standing alone, "is not substantial record evidence supporting the IJ's adverse credibility ground." *Id.* at 1090. Accordingly, the IJ's findings that Kudryashov was inconsistent regarding the date of his military call-up, whether or not he was arrested in 2005, when his parents were arrested, and whether or not he looked into alternative military service cannot form the basis of the adverse credibility determination.

Even if the IJ could base part of the credibility finding on the faulty

4

Assessment to Refer, the inconsistencies found by the IJ cannot form a basis for an adverse credibility determination. The discrepancy regarding the date Kudryashov was called up for military service is not only based on the faulty Assessment to Refer, but is also a trivial inconsistency that has no bearing on Kudryashov's credibility. *See Ren v. Holder*, 648 F.3d 1079, 1086 (9th Cir. 2011) ("'[M]inor discrepancies in dates that . . . cannot be viewed as attempts by the applicant to enhance his claims of persecution have no bearing on credibility.'" (alterations in original) (quoting *Singh*, 403 F.3d at 1092)). The discrepancy regarding the date of his last arrest in Armenia is also based on the faulty Assessment to Refer and is also a trivial inconsistency that cannot be viewed as an attempt to enhance his claims of persecution. *See id.* The same analysis goes for the date his parents were arrested. *See id.*

There is no inconsistency between Kudryashov's oral testimony and his asylum interview regarding whether he was aware of alternate military service. *See Morgan v. Mukasey*, 529 F.3d 1202, 1208-09 (9th Cir. 2008) (no inconsistency between application and testimony). In his oral testimony, Kudryashov stated that he did not recall telling the asylum officer that he was unaware of alternate military service, and there is no reference to alternate military service in the Assessment to Refer or in the re-interview notes. Because alternate military service was not

5

discussed in his asylum interview, it follows that he would not recall telling the officer that he was not aware of alternate service. Inconsistencies not supported by facts in the record cannot form the basis of an adverse credibility determination. *See Shrestha*, 590 F.3d at 1042 (the trier of fact must "provide specific and cogent reasons supporting an adverse credibility determination").

Similarly, there is no inconsistency between Kudryashov's oral testimony and documentary evidence as to whether he went through the Dominican Republic on the way to the United States and whether he received his fake passport in Madrid or in Moscow. Kudryashov's testimony that he had never been to the Dominican Republic, is not inconsistent with the stamp in his fake passport. Based on the IJ's own findings, Kudryashov did not receive that passport until one-and-a-half years after the Dominican Republic stamp was put in the passport. Thus, there is no inconsistency and this factor cannot form the basis of an adverse credibility determination.

Kudryashov's failure to provide corroborating documentation of his arrests and persecution in Armenia cannot form the basis of an adverse credibility determination here. Under the REAL ID Act, an IJ may require corroborating evidence "unless the applicant does not have the evidence and cannot reasonably obtain the evidence." 8 U.S.C. § 1158(b)(1)(B)(ii). A trier of fact would be

6

compelled to conclude that Kudryashov could not reasonably obtain these pieces of corroborating evidence since they were either never given to him by the Armenia government, or were lost after Kudryashov's friend died under suspicious circumstances. *Contra Shrestha*, 590 F.3d at 1048 (finding it not unreasonable for the IJ to require accessible corroborating evidence from the petitioner's parents because the evidence was "reasonably expected," and a "reasonable trier of fact would not be compelled to conclude that corroborating evidence was unavailable"). Thus, this factor cannot form the basis of an adverse credibility determination.

The IJ also noted that Kudryashov did not have corroborating evidence from the person who helped him get plane tickets and a fake passport. Kudryashov was not told to bring a statement from this person to his hearing, however. Because a "requirement that something be provided even *before* notice is given would raise . . . due process concerns," the IJ has to undertake a two-step analysis before basing an adverse credibility determination on a failure to provide corroborative evidence. *Ren*, 648 F.3d at 1092-93. First, "the IJ must determine whether an applicant's credible testimony alone meets the applicant's burden of proof." *Id.* at 1093. If the IJ determines that the testimony does meet the burden of proof, then no further evidence is needed. *Id.* But, "[i]f a credible applicant has not yet met his burden

7

of proof, then the IJ may require corroborative evidence." *Id.* If corroboration is required, "the IJ must give the applicant notice of the corroboration that is required and an opportunity either to produce the requisite corroborative evidence or to explain why that evidence is not reasonably available." *Id.* In other words, even though corroborative evidence may be required, the petitioner must still get "notice and an opportunity to respond." *Id.*

Unlike in *Ren*, where the petitioner was told he needed corroborative evidence at his first hearing and then told specifically what evidence he was required to bring at his second hearing, here, Kudryashov was never informed that he would need a corroborating statement about his travel. Because the IJ found him not credible, she did not give him an opportunity to bring specific corroborating evidence.

We therefore remand for further proceedings to determine Kudryashov's eligibility for asylum and withholding of removal. *See INS v. Ventura*, 537 U.S. 12, 16 (2002) ("The proper course . . . is to remand to the agency for additional investigation or explanation." (internal quotation marks omitted)); *Soto-Olarte v. Holder*, 555 F.3d 1089, 1096 (9th Cir. 2009) (remanding on an open record to the BIA to make determinations that are that are properly supported by the evidence).

PETITION FOR REVIEW GRANTED; REMANDED.