**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KEWAL SINGH KHINDA, | No. 09-71523 |
| Petitioner, | Agency No. A096-160-797 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 11, 2013[**]

Before:     FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

Kewal Singh Khinda, a native and citizen of India, petitions for review of

the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT").  Our

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Singh v. Holder*, 643 F.3d 1178, 1180 (9th Cir. 2011), and we deny in part and dismiss in part the petition for review.

Khinda claims he has suffered harm from police because of his father's political activism. Substantial evidence supports the agency's adverse credibility determination based on Khinda's admission that he lied on his original asylum application and in his testimony to the asylum officer, *see id*. at 1181, the contradiction between Khinda's testimony and the affidavit from his father regarding one of the main incidents of his claim, *see Goel v. Gonzales*, 490 F.3d 735, 739 (9th Cir. 2007), and the implausibility of his claim, *see Liu v. Holder*, 640 F.3d 918, 926 (9th Cir. 2011). The agency reasonably rejected Khinda's explanation. *See Rivera v. Mukasey*, 508 F.3d 1271, 1275 (9th Cir. 2007). In the absence of credible testimony, Khinda's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Khinda's CAT claim fails because it is based on the same testimony found not credible, and he does not point to any other evidence that shows it is more likely than not he would be tortured if returned to India. *See id*. at 1156-57.

Finally, we lack jurisdiction to consider Khinda's extreme hardship claim and his new ineffective assistance of counsel claim, because he failed to raise them before the agency. *See Barron v. Ashcroft*, 358 F.3d 647, 678 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**