BERZON, Circuit Judge,
dissenting:
I respectfully dissent. Song initially applied for asylum and withholding of removal in August 2002. I would treat Song’s July 2005 application as a supplement to her initial application. Compare In re Compean, 24 I. & N. Dec. 710, 715-16 (Att’y Gen.2009) (describing the procedural history in In re J-E-C-), vacated on other grounds, 25 I. & N. Dec. 1 (Att’y Gen. 2009).
The Real ID Act’s framework for assessing credibility does not apply to an application, such as Song’s, submitted in 2002. See, e.g., Yan Liu v. Holder, 640 F.3d 918, 925 (9th Cir.2011). Applying pre-Real ID Act standards, I would hold that there was *629 no inconsistency in Song’s testimony that went to the “heart of’ her asylum and withholding claims and that would support the agency’s adverse credibility determination. See Singh v. Ashcroft, 301 F.3d 1109, 1111-12 (9th Cir.2002). I would therefore grant Song’s petition.