**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VIC PASCUAL VIDEZ, | No. 13-72049 |
| Petitioner, | Agency No. A047-885-385 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 9, 2014[**]
Honolulu, Hawaii

Before: TASHIMA, RAWLINSON, and CLIFTON, Circuit Judges.

Vic Pascual Videz (Videz) petitions for review of the decision of the Board

of Immigration Appeals (BIA) dismissing his appeal of the denial of cancellation

of removal. Videz contends that he was not removable because neither of his

assault convictions qualified as a crime involving moral turpitude (CIMT). In

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

addition, Videz asserts that his due process rights were violated because the Immigration Judge (IJ) considered facts outside his record of conviction and impermissibly questioned witnesses. Videz also maintains that his equal protection rights were violated because other aliens convicted of assault have been granted cancellation of removal.

The BIA properly declined to address Videz's challenge to his convictions, raised for the first time before the BIA, because Videz's admission that he was removable based on his commission of a CIMT was binding. *See Perez-Mejia v. Holder*, 663 F.3d 403, 414 (9th Cir. 2011), *as amended* (holding that "if at the . . . pleading stage an alien, individually or through counsel, makes admissions of fact or concedes removability, and the IJ accepts them, no further evidence concerning the issues of fact admitted or law conceded is necessary. . . .").

We lack jurisdiction over Videz's challenge to the BIA's discretionary denial of cancellation of removal because Videz failed to present a colorable constitutional claim. *See Arteaga-De Alvarez v. Holder*, 704 F.3d 730, 736 (9th Cir. 2012) ("We have jurisdiction over a constitutional challenge to a BIA decision denying cancellation of removal only if the constitutional claim is colorable, i.e., if it has some possible validity.") (citation and internal quotation marks omitted); *see also Vilchez v. Holder*, 682 F.3d 1195, 1198 (9th Cir. 2012) (confirming that "we

2

lack jurisdiction to review the merits of a discretionary decision to deny cancellation of removal") (citations omitted). Videz's due process rights were not violated because the IJ, in denying cancellation of removal, properly considered the facts surrounding Videz's assault conviction and did not exhibit any bias in questioning the witnesses. *See Ridore v. Holder*, 696 F.3d 907, 920 n.5 (9th Cir. 2012) (observing that the IJ may consider "the existence of a criminal record and, if so, its nature, recency, and seriousness, and the presence of other evidence indicative of a [petitioner's] bad character or undesirability as a permanent resident of this country") (citation omitted); *see also Yan Liu v. Holder*, 640 F.3d 918, 931 (9th Cir. 2011), *as amended* (holding that the IJ's active questioning of petitioner did not support a finding of bias). Additionally, "[b]ecause [Videz] cannot show that his treatment differed from that of similarly situated persons, [his] equal protection claim is unavailing." *Gutierrez v. Holder*, 662 F.3d 1083, 1090 n.11 (9th Cir. 2011) (citation and internal quotation marks omitted).

**PETITION DISMISSED in part and DENIED in part.**