NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 11 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RONG YUN RUAN,<br><br>Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>Respondent. | No. 16-71184<br><br>Agency No. A088-483-216<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 9, 2018[**]
Portland, Oregon

Before: WARDLAW and OWENS, Circuit Judges, and MÁRQUEZ,[***] District Judge.

Rong Yun Ruan, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***]    The Honorable Rosemary Márquez, United States District Judge for the District of Arizona, sitting by designation.

immigration judge's denial of asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We review for substantial evidence the agency's credibility determinations, applying the standards created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). The agency's determination that an applicant knowingly made a frivolous application for asylum is reviewed de novo for compliance with the procedural framework set forth by the BIA. *Yan Liu v. Holder*, 640 F.3d 918, 925 (9th Cir. 2011). As the parties are familiar with the facts, we do not recount them here. We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on Ruan's inconsistent statements regarding her activities during the time period she was allegedly arrested and detained, and her nervous demeanor when asked about the inconsistency. *See Shrestha*, 590 F.3d at 1048 (holding that an adverse credibility finding was reasonable under the totality of the circumstances); *see also Ling Huang v. Holder*, 744 F.3d 1149, 1153 (9th Cir. 2014) (noting that the "need for deference is particularly strong in the context of demeanor assessments"). Ruan's explanation for the inconsistency does not compel a contrary result. *See Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011). In the absence of credible testimony, Ruan's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Ruan's CAT claim also fails because it rests on the same evidence the agency found not credible, and Ruan points to no other evidence in the record that compels the conclusion that it is more likely than not she would be tortured by, or with the consent or acquiescence of, a public official in China. *See id*. at 1156-57.

Finally, the agency did not err in finding that Ruan filed a frivolous asylum application. It complied with the procedural requirements set forth by the BIA. *See Yan Liu*, 640 F.3d at 927-28. Furthermore, a preponderance of the evidence supports the agency's finding that Ruan deliberately fabricated her alleged arrest and detention for participating in an underground church, which was a material element of her asylum application. *See* 8 C.F.R. § 1208.20 ("[A]n asylum application is frivolous if any of its material elements is deliberately fabricated."); *Yan Liu*, 640 F.3d at 927 (stating that "frivolousness must be proven by a preponderance of the evidence"). Further, Ruan was given "ample opportunity . . . to address and account for any deliberate, material fabrications[.]" *Ahir v. Mukasey*, 527 F.3d 912, 919 (9th Cir. 2008) (citation omitted).

**PETITION FOR REVIEW DENIED**.