NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

JAN 15 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

SAMUEL SANCHEZ-RODRIGUEZ,

Petitioner,

v.

MATTHEW G. WHITAKER, Acting
Attorney General,

Respondent.

No.   15-73057

Agency No. A078-099-948

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 11, 2019**
Pasadena, California

Before:  TASHIMA and WATFORD, Circuit Judges, and ROBRENO,*** District
Judge.

Samuel Sanchez-Rodriguez, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Eduardo C. Robreno, United States District Judge for
the Eastern District of Pennsylvania, sitting by designation.

from an immigration judge's ("IJ") decision denying his application for withholding of removal and protection under the Convention Against Torture. We deny the petition for review because substantial evidence supports the agency's adverse credibility determination.

Sanchez-Rodriguez claims that he fears persecution upon return to Mexico based primarily on abuse he suffered in the 1980s, but in 1999 he stated in sworn testimony to an immigration official that he did not fear being returned to Mexico and would not be harmed upon return. In 2011, he again stated in sworn testimony that he was not afraid to return to Mexico. We cannot say on this record that the IJ and BIA lacked a basis for their adverse credibility determination. *See Li v. Ashcroft*, 378 F.3d 959, 962–63 (9th Cir. 2004); *see also Liu v. Holder*, 640 F.3d 918, 925–26 (9th Cir. 2011).

Because there was a basis for doubting his credibility, the IJ and BIA could properly consider Sanchez-Rodriguez's failure to provide reasonably available corroborating evidence. *Singh v. Holder*, 638 F.3d 1264, 1272 (9th Cir. 2011); *Li*, 378 F.3d at 964. His failure to provide such corroboration, such as testimony or a statement from his brother who lives in the United States and knows of the alleged persecution, further supports the adverse credibility determination.

**PETITION FOR REVIEW DENIED.**