NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 9 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RUDY ELENILSON GUEVARA-
BERMUDEZ,

No.    19-71570

Petitioner,

Agency No. A208-539-237

v.

MEMORANDUM[*]

WILLIAM P. BARR, Attorney General,

Respondent.

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 2, 2020[**]

Before:    WALLACE, CLIFTON, and BRESS, Circuit Judges.

Rudy Elenilson Guevara-Bermudez, a native and citizen of El Salvador,

petitions pro se for review of the Board of Immigration Appeals' order dismissing

his appeal from an immigration judge's decision denying his application for

asylum, withholding of removal, and relief under the Convention Against Torture

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"), and concluding that Guevara-Bermudez filed a frivolous asylum application. We have jurisdiction under 8 U.S.C. § 1252. We review factual findings for substantial evidence, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). The determination that an applicant knowingly made a frivolous application for asylum is reviewed de novo for compliance with the procedural framework set forth by the BIA. *Liu v. Holder*, 640 F.3d 918, 925 (9th Cir. 2011). We deny the petition for review.

Substantial evidence supports the adverse credibility determination based on inconsistencies between Guevara-Bermudez's statement to Border Patrol, his declaration, and his testimony regarding the harm he experienced and fears in El Salvador. *See Shrestha*, 590 F.3d at 1048 (adverse credibility determination reasonable under "the totality of circumstances"). Guevara-Bermudez's explanations do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). Thus, in the absence of credible testimony, we deny the petition for review as to Guevara-Bermudez's asylum and withholding of removal claims.

Substantial evidence also supports the BIA's denial of Guevara-Bermudez's CAT claim because it was based on the same evidence found not credible, and he does not point to any other evidence in the record that compels the conclusion that

19-71570

it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Shrestha*, 590 F.3d at 1048-49.

The determination that Guevara-Bermudez filed a frivolous asylum application was not in error. *See Ahir v. Mukasey*, 527 F.3d 912, 918-19 (9th Cir. 2008) (frivolous application determination appropriate where the procedural requirements were followed and the fabrication findings were supported by a preponderance of the evidence).

Guevara-Bermudez's request to remand and terminate proceedings for lack of jurisdiction is foreclosed by *Aguilar Fermin v. Barr*, 958 F.3d 887, 895 (9th Cir. 2020).

As stated in the court's July 23, 2019 order, the temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**