**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YU YING CHEN, | No. 09-70560 |
| Petitioner, | Agency No. A097-390-663 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 17, 2012[**]

Before:     LEAVY, TALLMAN, and CALLAHAN, Circuit Judges.

Yu Ying Chen, a native and citizen of China, petitions pro se for review of

the Board of Immigration Appeals' order dismissing her appeal from an

immigration judge's decision denying her application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT").  We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003), and we deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on Chen's failure to mention that she was forcibly sterilized during either of her interviews at the airport. *See Liu v. Holder*, 640 F.3d 918, 926 (9th Cir. 2011); *Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011) (explanation was plausible, but record did not compel the finding that the IJ's unwillingness to believe it was erroneous). The agency's adverse credibility determination is also supported by the discrepancies between Chen's statements at the airport and her testimony regarding the circumstances of her arrest and release from custody, as well as the expert testimony that Chen's fine receipt was likely fraudulent. *See Kohli v. Gonzales*, 473 F.3d 1061, 1071 (9th Cir. 2007) (adverse credibility determination is supported by discrepancy between testimony and declaration); *Desta v. Ashcroft*, 365 F.3d 741, 745 (9th Cir. 2004). In the absence of credible testimony, Chen's asylum and withholding of removal claims fail. *See Farah*, 348 F.3d at 1156.

Because Chen's CAT claim is based on the same evidence the agency found not credible, and she points to no other evidence showing it is more likely than not

she will be tortured if returned to China, her CAT claim also fails.  *See id.* at 1156-57.

**PETITION FOR REVIEW DENIED.**