**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KAIMIN WANG, | No. 08-72753 |
| Petitioner, | Agency No. A094-999-115 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submission Deferred December 7, 2012
Resubmitted December 7, 2012[**]
San Francisco, California

Before: TROTT and RAWLINSON, Circuit Judges, and BLOCK, District Judge.[***]

Kaimin Wang, a Chinese citizen, petitions for review of the decision of the

Board of Immigration Appeals ("BIA") affirming the denial by an immigration

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Frederic Block, Senior United States District Judge for the Eastern District of New York, sitting by designation.

judge ("IJ") of Wang's application for asylum, withholding, and relief under the Convention Against Torture. We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1), and we deny the petition.

Substantial evidence supports the IJ's and BIA's conclusion that Wang was not persecuted "on account of" his actual or imputed political opinion as required for asylum. See 8 U.S.C. § 1101(a)(42). The record contains evidence that Wang was arrested, beaten, and detained for obstructing a police investigation. Wang claims that the obstruction charge was a pretext and that Wang's support for his former co-workers in a labor dispute was the real reason behind his treatment by Chinese authorities. But where, as here, "there is evidence of a legitimate prosecutorial purpose, foreign authorities enjoy much latitude in vigorously enforcing their laws." Singh v. Gonzales, 439 F.3d 1100, 1112 (9th Cir. 2006). Because Wang's alleged obstruction of a police investigation is a legitimate reason for his arrest and detention, he has not met his burden of showing "that the purported criminal investigation had no bona fide objective, so that political persecution must have been the real reason for it." Dinu v. Ashcroft, 372 F.3d 1041, 1044 (9th Cir. 2004).

Because Wang failed to establish eligibility for asylum, he "necessarily failed to satisfy the higher standard for withholding of removal." Liu v. Holder,

2

640 F.3d 918, 926 n.5 (9th Cir. 2011). Further, there is no evidence that Wang will likely be tortured if removed to China. See Lopez-Cardona v. Holder, 662 F.3d 1110, 1114 (9th Cir. 2012) ("To be eligible for deferral of removal under CAT, the alien has the burden of proof to establish that it is more likely than not that he or she would be tortured if removed to the proposed country of removal.") (internal quotation marks omitted).

PETITION DENIED.