**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LIANGYU FANG, | No. 10-73341 |
| Petitioner, | Agency No. A099-044-816 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 15, 2013[**]

Before:     SILVERMAN, BEA, and NGUYEN, Circuit Judges.

Liangyu Fang, a native and citizen of China, petitions for review of a Board

of Immigration Appeals' order dismissing his appeal from an immigration judge's

decision denying his application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT").  We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010), and we review de novo claims of due process violations, *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620 (9th Cir. 2006). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on the inconsistency between Fang's testimony and his work-dismissal notice regarding his last day of employment. *See Don v. Gonzales*, 476 F.3d 738, 741-43 (9th Cir. 2007); *Shrestha*, 590 F.3d at 1046-47 (9th Cir. 2010) ("Although inconsistencies no longer need to go to the heart of the petitioner's claim, when an inconsistency is at the heart of the claim it doubtless is of great weight."). Fang's explanations do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). In the absence of credible testimony, Fang's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Fang's CAT claim also fails because it is based on the same testimony found not credible, and he does not point to any other evidence demonstrating it is more likely than not he would be tortured if returned to China. *See id.* at 1156-57.

We reject Fang's due process contentions regarding the interpretation and transcription of his hearing because the proceedings were not so fundamentally unfair that he was prevented from reasonably presenting his case, and he failed to demonstrate prejudice. *See Ibarra-Flores*, 439 F.3d at 620-21. Finally, contrary to Fang's contention, the record does not indicate the agency failed to consider the evidence.

**PETITION FOR REVIEW DENIED.**