**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| MIN LUN ZHANG, AKA Bong Djie Lie, | No. 08-71941 |
| Petitioner, | Agency No. A078-867-732 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 4, 2013
Pasadena, California

Before: HAWKINS, THOMAS, and HURWITZ, Circuit Judges.

Min Lun Zhang ("Zhang"), a native and citizen of China, petitions for

review of a final order of the Board of Immigration Appeals ("BIA") affirming the

denial of his applications for asylum, withholding of removal, and protection under

the Convention Against Torture ("CAT"). We deny the petition in part, grant it in

part, and remand to the BIA for further proceedings.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

I

Substantial evidence supports the BIA's adverse credibility determination as to Zhang's claims for asylum and withholding of removal based on his wife's forced sterilization by Chinese population control officials. *See Don v. Gonzales*, 476 F.3d 738, 741 (9th Cir. 2007) (quoting *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005)) (stating that this Court may reverse an adverse credibility finding only if "no reasonable factfinder could have reached the agency's result"). Specifically, the IJ properly relied on Zhang's failure to mention his wife's forced sterilization in his airport interview and his initial asylum application and Zhang's inconsistent statements concerning his wife's going into hiding during her second pregnancy. Zhang was afforded an opportunity to explain the inconsistencies, which went to the heart of his population control-based claims. *Singh v. Gonzales*, 439 F.3d 1100, 1105 (9th Cir. 2006).

II

Neither the IJ nor the BIA made an adverse credibility determination as to Zhang's claim of religious persecution founded on his Falun Gong practice. Therefore, we presume that his testimony in support of that claim was true. *Cole v. Holder*, 659 F.3d 762, 770 (9th Cir. 2011).

Substantial evidence supports the agency's determination that Zhang did not sustain his burden of proof to establish past persecution on account of his Falun Gong practice, given only two police visits to his house without harm to him or his family. *Gu v. Gonzales*, 454 F.3d 1014, 1019-21 (9th Cir. 2006).

The remaining question, then, is whether Zhang has established a well-founded fear of future persecution absent the presumption afforded by a finding of past persecution. After the BIA decision in this case, we decided *Zhao v. Mukasey*, 540 F.3d 1027 (9th Cir. 2008), which involves similar issues. Because the BIA did not have an opportunity to conduct its analysis in light of *Zhao*, we remand Zhang's religious persecution claim for asylum and withholding of removal to the BIA for its analysis in the first instance. We remand on an open record to permit both the government and the petitioner to supplement the record and to assert any additional arguments they wish to make.[1]

III

---

[1] On appeal, for example, Zhang suggested that the persecution of Falun Gong followers constituted "pattern and practice" discrimination. The government argued that enforcement of the Falun Gong ban varied widely among the regions of China. We leave these questions for consideration by the BIA in the first instance, in its discretion.

Zhang has waived any challenge to the agency's denial of CAT relief by failing to raise the issue in his brief before this Court. *Yan Liu v. Holder*, 640 F.3d 918, 926 n.5 (9th Cir. 2011).

Each party should bear its or their own costs.

**DENIED IN PART, GRANTED IN PART, AND REMANDED.**