**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JING DONG ZHAO, | No. 11-70662 |
| Petitioner, | BIA No. A097-886-093 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 14, 2013**

Before: LEAVY, THOMAS, and MURGUIA, Circuit Judges.

Jing Dong Zhao, a native and citizen of China, petitions pro se for review of

the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's ("IJ") decision denying her application for asylum and

withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

for substantial evidence factual findings, including adverse credibility findings, *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir. 2001), and review de novo due process claims, *Liu v. Holder*, 640 F.3d 918, 930 (9th Cir. 2011). We deny the petition for review.

Substantial evidence supports the BIA's adverse credibility determination based on Zhao's inconsistent testimony regarding the level of government surveillance she experienced, the implausibility of her obtaining permission to travel to Europe while on bail, and her subsequent voluntary return to China. *See id.* at 1043 (inconsistencies about events leading up to petitioner's departure went to the heart of the claim); *Singh-Kaur v. INS*, 183 F.3d 1147, 1152 (9th Cir. 1999); *Loho v. Mukasey*, 531 F.3d 1016, 1017-18 (9th Cir. 2008) (applicant's voluntary returns to home country supported adverse credibility determination). Substantial evidence also supports the BIA's finding that Zhao's documents did not counteract the IJ's adverse credibility determination. *See Zahedi v. INS*, 222 F.3d 1157, 1165 (9th Cir. 2000) (an IJ may reject documentary evidence for specific, cogent reasons that bear a legitimate nexus to that rejection). In the absence of credible testimony, Zhao's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

We reject Zhao's contention that the agency violated her due process rights by relying on the expert testimony of the forensic documents examiner. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**