FILED



NOT FOR PUBLICATION

JUN 25 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| VERONICA RUBI CHUY TORRES, ) | No. 08-74130 | |
| ) | | |
| Petitioner, ) | Agency No. A099-358-034 | |
| ) | | |
| v. ) | **MEMORANDUM**[*] | |
| ) | | |
| ERIC H. HOLDER, Jr., Attorney ) | | |
| General, ) | | |
| ) | | |
| Respondent. ) | | |
| ) | | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 11, 2013[**]
San Francisco, California

Before:     FERNANDEZ and CALLAHAN, Circuit Judges, and VANCE,[***]
District Judge.

Veronica Rubi Chuy Torres, a native and citizen of Peru, petitions for

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

[***]The Honorable Sarah S. Vance, Chief United States District Judge for the Eastern District of Louisiana, sitting by designation.

review of the Board of Immigration Appeals' denial of her applications for asylum,[1] withholding and removal,[2] and Convention Against Torture (CAT)[3] relief. We deny the petition.

The BIA's determination that an alien is not eligible for asylum must be upheld if "'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" INS v. Elias-Zacarias, 502 U.S. 478, 481, 112 S. Ct. 812, 815, 117 L. Ed. 2d 38 (1992). "It can be reversed only if the evidence presented . . . was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." Id.; see also Farah v. Ashcroft, 348 F.3d 1153, 1156 (9th Cir. 2003). When an alien seeks to overturn the BIA's adverse determination, "he must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Elias-Zacarias, 502 U.S. at 483–84, 112 S. Ct. at 817. When an asylum claim is involved, an alien must show either past persecution or a well-founded fear of future persecution that is "subjectively genuine and objectively reasonable."

---

[1] 8 U.S.C. § 1158.

[2] 8 U.S.C. § 1231(b)(3).

[3] United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, adopted Dec. 10, 1984, S. Treaty Doc. No. 100-20 (1988), 1465 U.N.T.S. 85, implemented at 8 C.F.R. § 1208.18.

Fisher v. INS, 79 F.3d 955, 960 (9th Cir. 1996) (en banc); see also Gu v. Gonzales, 454 F.3d 1014, 1019 (9th Cir. 2006).

Chuy does not meet her heavy burden. All of her claims rest on her assertion that she was subjected to past persecution on account of her political opinion. However, we have reviewed the record and are satisfied that the evidence does not compel conclusions contrary to those reached by the BIA. See Elias-Zacarias, 502 U.S. at 481 n.1, 112 S. Ct. at 815 n.1; Parussimova v. Mukasey, 555 F.3d 734, 739–40 (9th Cir. 2009). Rather, substantial evidence supports the BIA's determination that the harm that befell Chuy: (a) was not on account of her political opinion, but was on account of personal aberrational conduct by her assailant;[4] and (b) was not due to whistle-blowing activity regarding governmental corruption.[5]

Because Chuy did not meet her burden regarding asylum, she necessarily failed to establish eligibility for withholding of removal. See Liu v. Holder, 640 F.3d 918, 926 n.5 (9th Cir. 2011); Ghaly v. INS, 58 F.3d 1425, 1429 (9th Cir.

---

[4]See Ahmed v. Keisler, 504 F.3d 1183, 1192 (9th Cir. 2007); Molina-Morales v. INS, 237 F.3d 1048, 1051–52 (9th Cir. 2001); Navas v. INS, 217 F.3d 646, 655–57 (9th Cir. 2000); Fisher, 79 F.3d at 962–63.

[5]See Fedunyak v. Gonzales, 477 F.3d 1126, 1129 (9th Cir. 2007); Mamouzian v. Ashcroft, 390 F.3d 1129, 1134–35 (9th Cir. 2004); Grava v. INS, 205 F.3d 1177, 1179, 1181 (9th Cir. 2000).

3

1995).

Finally, the evidence in the record does not compel a determination that it is more likely than not that Chuy would be tortured in Peru. Thus, she is not entitled to CAT relief. See Wakkary v. Holder, 558 F.3d 1049, 1068 (9th Cir. 2009); Almaghzar v. Gonzales, 457 F.3d 915, 922–23 (9th Cir. 2006); Singh v. Gonzales, 439 F.3d 1100, 1113 (9th Cir. 2006).

Petition DENIED.