FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 31 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RICKY RICHARDO LUMENTUT, a.k.a.
Ricky Richardo Lulmentut,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 11-71737

Agency No. A078-020-219

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 24, 2013[**]

Before:    ALARCÓN, CLIFTON, and CALLAHAN, Circuit Judges.

Ricky Richardo Lumentut, a native and citizen of Indonesia, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We

review for abuse of discretion the denial of a motion to reopen, *Najmabadi v.*

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Holder*, 597 F.3d 983, 986 (9th Cir. 2010), and review de novo due process claims, *Liu v. Holder*, 640 F.3d 918, 930 (9th Cir. 2011).  We deny the petition for review.

The BIA did not abuse its discretion in denying Lumentut's motion to reopen as untimely because the motion was filed over two years after the BIA's final decision, *see* 8 C.F.R. § 1003.2(c)(2), and Lumentut failed to establish materially changed circumstances in Indonesia to qualify for the regulatory exception to the time limitations for motions to reopen, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *Najmabadi*, 597 F.3d at 988-89 (evidence of changed circumstances must be qualitatively different from what could have been presented at prior hearing).  Further, the BIA did not abuse its discretion in denying Lumentut's motion to reopen based on *Wakkary v. Holder*, 558 F.3d 1049 (9th Cir. 2009) and *Tampubolon v. Holder*, 610 F.3d 1056 (9th Cir. 2010), because Lumentut did not present sufficient evidence of individualized risk of persecution. *See Halim v. Holder*, 590 F.3d 971, 979 (9th Cir. 2009); *Wakkary*, 558 F.3d at 1066 ("[a]n applicant for withholding of removal will need to adduce a considerably larger quantum of individualized-risk evidence to prevail than would an asylum applicant").  We reject Lumentut's contentions regarding the BIA's 2007 decision in light of our decision in *Lumentut v. Holder*, No. 07-74777, 2010 WL 1474216 (9th Cir. Apr. 14, 2010).  We further reject Lumentut's contention

that the BIA violated his due process rights by insufficiently explaining its conclusion regarding changed country conditions.  *See Najmabadi*, 597 F.3d at 990 (BIA need not "write an exegesis on every contention") (internal quotations and citation omitted); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process claim).  Accordingly, we deny the petition for review.

**PETITION FOR REVIEW DENIED.**