**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| INDERJIT SINGH, | No. 11-71939 |
| Petitioner, | Agency No. A089-679-669 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 24, 2013[**]

Before:     ALARCÓN, CLIFTON, and CALLAHAN, Circuit Judges.

Inderjit Singh, a native and citizen of India, petitions for review of the Board

of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's ("IJ") decision denying his application for asylum, withholding of removal,

and protection under the Convention Against Torture ("CAT").  We have

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on the inconsistency between Singh's testimony and the documentary evidence regarding whether he was in India in August 2004, and his implausible explanation for the inconsistency. *See id.* at 1046-47, 1048 (adverse credibility determination reasonable under the totality of circumstances); *Liu v. Holder*, 640 F.3d 918, 926 (9th Cir. 2011) (improbable or inadequate explanations further undermined petitioner's credibility). We reject Singh's contention that the IJ improperly "commingled" his testimony and supporting evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii) (under the REAL ID Act IJ may rely on the consistency of applicant's statements "with other evidence of record"). We also reject Singh's arguments that the agency erred by not accepting his explanation, *see Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011) ("the record does not compel the finding that the IJ's unwillingness to believe [the explanation] was erroneous") (internal citation omitted), or that the IJ applied the wrong legal standard in evaluating it, *see Rivera v. Mukasey*, 508 F.3d 1271, 1275 (9th Cir. 2007). Further, we reject

Singh's contention that the IJ discredited corroborating evidence that would have "cured" his credibility. We do not reach Singh's argument regarding a lack of corroboration because the agency made no such finding. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) (our review is limited to the grounds relied upon by the agency). In the absence of credible testimony, Singh's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, Singh's CAT claim fails because it is based on the same testimony found not credible, and he points to no other evidence compelling the finding that it is more likely than not he will be tortured if returned to India. *See id.* at 1156-57. We reject Singh's contention that the BIA erred in its analysis of his CAT claim.

**PETITION FOR REVIEW DENIED.**

11-71939