**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DENY ARIANTO,<br><br>           Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>           Respondent. | No. 12-70863<br><br>Agency No. A088-319-723<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 15, 2013[**]

Before:    FISHER, GOULD, and BYBEE, Circuit Judges.

    Deny Arianto, a native and citizen of Indonesia, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We review de novo claims of due process violations. *Zetino v. Holder*, 622 F.3d 1007, 1011 (9th Cir. 2010). We deny the petition for review.

Arianto does not challenge the BIA's dispositive finding that his asylum application is time-barred.

Arianto, an ethnic Chinese Indonesian, recounted several incidents of mistreatment in Indonesia, including robberies and assaults, but testified that he did not need medical attention for his injuries and did not know of any reason that he would be targeted other than his appearance as an ethnic Chinese person.

As to withholding of removal, substantial evidence supports the BIA's determination that Arianto failed to establish past persecution because his experiences, even cumulatively, did not rise to the level of persecution. *See id.* at 1059-60 (two beatings and robberies and being accosted by a hostile mob); *Nagoulko*, *v. INS*, 333 F.3d 1012, 1016-18 (9th Cir. 2003) (discrimination, harassment, and physical abuse of insufficient severity). We reject Arianto's contention that the IJ's analysis of past persecution was improper because the BIA's analysis was sufficient. We also reject his contention that the BIA's analysis was incomplete. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000)

(requiring error to prevail on a due process challenge). Further, given our conclusion, we need not reach Arianto's additional nexus contentions. Finally, his contentions regarding the presumption of future persecution necessarily fail. *See Nagoulko*, 333 F.3d at 1018.

Substantial evidence also supports the BIA's determination that Arianto failed to establish a likelihood of persecution because, even under disfavored group analysis, he did not demonstrate sufficient individualized risk. *See Halim v. Holder*, 590 F.3d 971, 979 (9th Cir. 2009) (petitioner failed to show likelihood of individual targeting where he "failed to offer any evidence that distinguishes his exposure from those of all other ethnic Chinese Indonesians"); *Wakkary*, 558 F.3d at 1066 ("[a]n applicant for withholding of removal will need to adduce a considerably larger quantum of individualized-risk evidence to prevail than would an asylum applicant").

Finally, substantial evidence supports the BIA's denial of CAT relief because Arianto failed to establish it is more likely than not he would be tortured by or with the acquiescence of the government if returned to Indonesia. *See Wakkary*, 558 F.3d at 1067-68. We reject Arianto's contentions that the agency failed to properly evaluate the evidence.

**PETITION FOR REVIEW DENIED.**