**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUCIO ESONO MBA,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 11-70721<br><br>Agency No. A099-736-274<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 17, 2013[**]

Before:     GOODWIN, WALLACE, and GRABER, Circuit Judges.

Lucio Esono Mba, a native and citizen of Equatorial Guinea, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We have

_____

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010), and we review de novo claims of due process violations, *Liu v. Holder*, 640 F.3d 918, 930 (9th Cir. 2011). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility finding based on the discrepancies between Mba's asylum application, his testimony, and his brother-in-law's testimony. *See Zamanov v. Holder*, 649 F.3d 969, 973 (9th Cir. 2011) ("Material alterations in the applicant's account of persecution are sufficient to support an adverse credibility finding."); *Kin v. Holder*, 595 F.3d 1050, 1058 (9th Cir. 2010) (adverse credibility determination supported based on inconsistencies between petitioner's declaration and testimony of witness). The agency reasonably rejected Mba's explanations for these discrepancies. *See Rivera v. Mukasey*, 508 F.3d 1271, 1275 (9th Cir. 2007). We reject Mba's contention that the agency failed to adequately address his imputed political opinion claim. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (the BIA "does not have to write an exegesis on every contention"). We also reject Mba's contention that he was prevented from making changes to his asylum application. *See Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 926-27 (9th Cir. 2007) (finding petitioner

11-70721

was given a full and fair opportunity to present his case); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice for a petitioner to prevail on a due process claim). Accordingly, in the absence of credible testimony, Mba's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Mba's CAT claim is based on the same testimony found to be not credible, and the record does not otherwise compel the conclusion that it is more likely than not that he will be tortured if returned to Equatorial Guinea, his CAT claim also fails. *See id.* at 1156-57.

**PETITION FOR REVIEW DENIED.**