**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

FEB 24 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

OREOLUWA AJOKE OJO,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 12-73025

Agency No. A089-345-542

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 18, 2014[**]

Before:     ALARCÓN, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

Oreoluwa Ajoke Ojo, a native and citizen of Nigeria, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal

from an immigration judge's ("IJ") decision denying her application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We review de novo questions of law. *Liu v. Holder*, 640 F.3d 918, 925 (9th Cir. 2011). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the BIA's adverse credibility determination based on numerous discrepancies between Ojo's statement and testimony, within her testimony, and between her testimony and other record evidence related to her alleged political party membership and alleged incidents of harm by her ex-husband. *See Shrestha*, 590 F.3d at 1048 (adverse credibility determination was reasonable under the REAL ID Act's "totality of the circumstances" standard); *Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir. 2004) (key omissions and discrepancies undermined petitioner's credibility); *Zamanov v. Holder*, 649 F.3d 969, 973-74 (9th Cir. 2011) (omission cast doubt on petitioner's credibility). Ojo's explanations do not compel a contrary result. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). We reject Ojo's contentions that the agency misapplied the law or ignored evidence. In the absence of credible testimony, Ojo's asylum and

withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Ojo's CAT claim is based on the same evidence found to be not credible, and other record evidence does not compel a finding that it would be more likely than not she would be tortured if returned to Nigeria, substantial evidence supports the BIA's denial of CAT relief. *See id*. at 1156-57.

Further, the record does not compel reversal of the BIA's conclusion that Ojo filed a frivolous asylum application. *See* 8 U.S.C. § 1158(d)(6); 8 C.F.R. § 1208.20. We reject petitioner's contentions that the IJ failed to provide her sufficient opportunity to account for the discrepancies and implausible aspects of her claim, and that the IJ failed to address her explanations.

Finally, we lack jurisdiction to consider Ojo's contention related to ineffective assistance of counsel and her claim that the agency did not provide her with a full and fair opportunity to present her case, because she did not raise these issues to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (no jurisdiction over legal claims not presented in administrative proceedings below).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**