**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| XIANYU HONG,<br><br>                    Petitioner,<br><br>   v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>                    Respondent. | No. 12-71350<br><br>Agency No. A089-806-334<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 18, 2014[**]

Before:     ALARCÓN, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

   Xianyu Hong, a native and citizen of China, petitions pro se for review of

the Board of Immigration Appeals' order dismissing her appeal from an

immigration judge's ("IJ") decision denying her application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

   [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

   [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010), and we review de novo claims of due process violations, *Liu v. Holder*, 640 F.3d 918, 930 (9th Cir. 2011). We deny the petition for review.

With respect to Hong's family planning claim, substantial evidence supports the agency's determination that Hong failed to carry her evidentiary burden of proof. *See Ren v. Holder*, 648 F.3d 1079, 1093-94 (9th Cir. 2011). With respect to Hong's religion claim, substantial evidence supports the agency's adverse credibility determination based on Hong's inconsistent testimony regarding when she began attending church and was baptized. *See Shrestha*, 590 F.ed at 1045-48 (adverse credibility determination was reasonable under the REAL ID Act's "totality of circumstances"). Hong's explanations do not compel a contrary conclusion. *See Rivera v. Mukasey*, 508 F.3d 1271, 1275 (9th Cir. 2007). Accordingly, Hong's asylum claim fails.

Because she failed to establish eligibility for asylum, Hong necessarily failed to meet the more stringent standard for withholding of removal. *See Ren*, 648 F.3d at 1094 n.17; *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Further, Hong's CAT claim also fails because she has not established that it is more likely than not that she would be tortured if removed to China. *See Ren*, 648 F.3d at 1094 n.17.

Finally, we reject Hong's contentions that the IJ violated her due process rights. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**