**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GUMERCINDO ANTONIO GALLARDO-LOPEZ, | No. 08-70339 |
| Petitioner, | Agency No. A098-651-669 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2014[**]

Before:    CLIFTON, BEA, and WATFORD, Circuit Judges.

Gumercindo Antonio Gallardo-Lopez, a native and citizen of Guatemala,

petitions pro se for review of the Board of Immigration Appeals' order dismissing

his appeal from an immigration judge's decision denying his application for

asylum, withholding of removal, and relief under the Convention Against Torture

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We review de novo due process claims. *Liu v. Holder*, 640 F.3d 918, 930 (9th Cir. 2011). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's finding that Gallardo-Lopez failed to show the government of Guatemala was or would be unwilling or unable to control the individuals who threatened him. *See Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005). Thus, Gallardo-Lopez's asylum claim fails.

Because Gallardo-Lopez failed to meet the lower burden of proof for asylum, it follows that he has not met the higher standard for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

Substantial evidence also supports the agency's denial of CAT relief because Gallardo-Lopez failed to establish that it is more likely than not he will be tortured by or with the acquiescence of the government of Guatemala. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

Finally, we lack jurisdiction to review Gallardo-Lopez's unexhausted contention that the agency violated his due process rights by not terminating proceedings. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**