**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TEDDY LINGGA; BETTY LIMIATY ALI,<br><br>            Petitioners,<br><br>    v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>            Respondent. | No. 12-71670<br><br>Agency Nos.     A098-267-273<br>                        A088-196-637<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 25, 2014[**]

Before:     HAWKINS, TALLMAN, and NGUYEN, Circuit Judges.

    Betty Limiaty Ali, a native and citizen of Indonesia, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's decision denying her application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). Our

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we review de novo due process claims, *Liu v. Holder*, 640 F.3d 918, 930 (9th Cir. 2011). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's finding that, even considering her son's experiences, Ali did not suffer harm rising to the level of past persecution. *See Wakkary*, 558 F.3d at 1059-60 (concluding that petitioner's beating, robbery, and confrontation with a threatening mob did not rise to the level of persecution); *Gormley v. Ashcroft*, 364 F.3d 1172, 1178 (9th Cir. 2004) ("mere economic disadvantage alone does not rise to the level of persecution"). Substantial evidence also supports the finding that, even under a disfavored group analysis, Ali has not established sufficient individualized risk of harm to support a well-founded fear of persecution. *See Halim v. Holder*, 590 F.3d 971, 979 (9th Cir. 2009). We reject Ali's contention that the agency misapplied the disfavored group analysis. Thus, Ali's asylum claim fails.

Because Ali failed to meet the lower burden of proof for asylum, it follows that she has not met the higher standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Substantial evidence supports the agency's denial of CAT relief because Ali failed to establish it is more likely than not that she will be tortured by or with the acquiescence of the government if returned to Indonesia. *See Wakkary*, 558 F.3d at 1067-68.

We reject Ali's due process claims. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (petitioner must show error and prejudice to establish a due process violation).

Ali's motion to submit this case to a merits panel is denied as moot.

Finally, according to Ali's opening brief, Teddy Lingga has returned to Indonesia and has abandoned his claim. *See* 8 C.F.R. § 1208.8. Pursuant to Ali's request, we dismiss the petition for review as to Teddy Lingga.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**