**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARLOS HUMBERTO MENDEZ VASQUEZ,<br><br>            Petitioner,<br><br>   v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>            Respondent. | No. 10-73589<br><br>Agency Nos.        A097-365-651<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2014**

Before:    LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

Carlos Humberto Mendez Vasquez, a native and citizen of Guatemala,

petitions for review of the Board of Immigration Appeals' order dismissing his

appeal from an immigration judge's decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

   *    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   **    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we review de novo due process claims, *Liu v. Holder*, 640 F.3d 918, 930 (9th Cir. 2011). We deny in part and grant in part the petition for review, and we remand.

Substantial evidence supports the agency's denial of CAT relief because Vasquez failed to establish that it is more likely than not he will be tortured by or with the acquiescence of the government of Guatemala. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

We reject Vasquez's due process contention. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (petitioner must show error to establish a due process violation).

In denying Vasquez's asylum and withholding of removal claims, the agency found Vasquez failed to establish a fear of future persecution on account of a protected ground. When the IJ and BIA issued their decisions in this case they did not have the benefit of this court's decisions in *Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc), *Cordoba v. Holder*, 726 F.3d 1106 (9th Cir. 2013), and *Pirir-Boc v. Holder*, 750 F.3d 1077 (9th Cir. 2014), or the BIA's decisions in *Matter of M-E-V-G-*, 26 I. & N. Dec. 227 (BIA 2014), and *Matter of W-G-R-*, 26 I. & N. Dec. 208 (BIA 2014). Thus, we remand Vasquez's asylum and

withholding of removal claims to determine the impact, if any, of these decisions.
*See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Each party shall bear their own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part;**

**REMANDED.**