**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARLOS DANIEL GARCIA-ALVAREZ, | No. 12-71355 |
| Petitioner, | |
| v. | Agency No. A099-664-458 |
| ERIC HOLDER, JR. | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 8, 2014[**]
Portland, Oregon

Before: KOZINSKI, FISHER and DAVIS,[***] Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Andre M. Davis, Senior Circuit Judge for the United States Court of Appeals for the Fourth Circuit, sitting by designation.

Petitioner Carlos Daniel Garcia-Alvarez, a native and citizen of El Salvador who now resides in Washington State, petitions for review of the decision issued by the Board of Immigration Appeals ("BIA"), in which it affirmed the Immigration Judge's ("IJ") denial of his claims for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). For the reasons stated below, we deny the petition.

**1.** Because the BIA reviewed and adopted the IJ's adverse credibility determination, we review for substantial evidence both the BIA's and IJ's adverse credibility findings. *See Cui v. Holder*, 712 F.3d 1332, 1336 (9th Cir. 2013). Under the substantial evidence standard, we may reverse the credibility determination only if the evidence presented by Garcia-Alvarez was "'so compelling that no reasonable factfinder could find that [he] was not credible.'" *Malkandi v. Holder*, 576 F.3d 906, 917 (9th Cir. 2008) (quoting *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003)).

**2.** Even assuming Garcia-Alvarez established an extraordinary circumstance justifying his untimely application for asylum, and that he filed his application

within a reasonable time period thereafter,[1] substantial evidence supported the IJ's determination, affirmed by the BIA, that Garcia-Alvarez failed to provide credible testimony. Garcia-Alvarez could not identify the year in which he joined the Farabundo Marti National Liberation Front ("FMLN"), and named only one march in which he participated. Additionally, despite his testimony that he kept apprised of political developments in El Salvador, he did not know the number of seats FMLN holds in the governing assembly, did not know whether an FMLN leader had caused dissension within the party, and could not name any parties that have defected from FMLN. Finally, his testimony that he was afraid to return to El Salvador diverged from the explanation he gave to a border patrol agent upon his entry into the United States that he was seeking employment in California. *Cf. Liu v. Holder*, 640 F.3d 918, 925–26 (9th Cir. 2011) (concluding that the petitioner's failure to mention Falun Gong, "the central element of her asylum claim," at her airport interview "undermine[d] her credibility to some degree").

---

[1] Garcia-Alvarez claims the extraordinary circumstance that prevented him from timely filing his application for asylum was the scheduling of his initial master calendar hearing outside of one year of his entry into the United States. The government does not oppose Garcia-Alvarez's challenge to the BIA's determination that he failed to satisfy the extraordinary circumstances exception to the one-year filing deadline. We need not decide whether the timing of the hearing was an extraordinary circumstance, or whether he filed within a reasonable time period thereafter, because we find that Garcia-Alvarez's petition fails on the merits.

**3.** Even assuming Garcia-Alvarez testified credibly, the BIA's determination that he failed to establish his eligibility for asylum or withholding of removal is supported by substantial evidence. Garcia-Alvarez does not qualify for asylum, as he cannot establish either past persecution based on a protected ground or a well-founded fear of future persecution. *See* 8 U.S.C. § 1158(b)(1)(A); 8 U.S.C. § 1101(a)(42)(A). He had only a single encounter with the police about four years before he left El Salvador, and there is no evidence the Salvadorian government has, or ever had, an ongoing interest in him.

It follows that, because Garcia-Alvarez does not qualify for asylum, he does not satisfy the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, the BIA's determination that Garcia-Alvarez is not eligible for relief under the CAT is supported by substantial evidence. Garcia-Alvarez cannot establish that it is "more likely than not" that he would be tortured if removed to El Salvador. 8 C.F.R. § 1208.16(c)(2); *see also* 8 C.F.R. § 1208.18(a)(1). To support his application under the CAT, he points to the United States government's recent extension of the designation of El Salvador for temporary protected status. *See* 77 Fed. Reg. 1710-02 (Jan. 11, 2012). But the extension related to damage caused by a series of earthquakes and has no bearing on his eligibility for CAT relief.

4

**PETITION FOR REVIEW DENIED.**