**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OSAMA FAROUK BADAWAY ABDEL MALEK, | No. 12-74233 |
| Petitioner, | Agency Nos.   A088-272-532 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 20, 2016**

Before:    CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Osama Farouk Badaway Abdel Malek, a native and citizen of Egypt,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's ("IJ") decision denying his

application for asylum, withholding of removal, and relief under the Convention

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT"), and determining Abdel Malek filed a frivolous asylum application. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010), and review de novo questions of law, including frivolous application determinations, *Liu v. Holder*, 640 F.3d 918, 925 (9th Cir. 2011). We deny in part and grant in part the petition for review, and we remand.

The BIA determined that, under the totality of circumstances, significant omissions from Abdel Malek's asylum application provided an adequate basis for the IJ's adverse credibility finding. Substantial evidence supports the agency's adverse credibility determination based on Abdel Malek's omission of mistreatment by Egyptian police, including beatings and the denial of insulin, from his detailed asylum application. *See Shrestha*, 590 F.3d at 1048 (adverse credibility determination reasonable under the "totality of circumstances"); *see also Zamanov v. Holder*, 649 F.3d 969, 973 (9th Cir. 2011) ("Material alterations in the applicant's account of persecution are sufficient to support an adverse credibility finding."). The agency considered and properly rejected Abdel Malek's explanations for the omissions. *See Zamanov*, 649 F.3d at 974. Further, Abdel

Malek's corroborative evidence does not rehabilitate his testimony. *See Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014). In the absence of credible testimony, Abdel Malek's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Substantial evidence also supports the agency's denial of Abdel Malek's CAT claim because it was based on the same evidence found not credible and the record does not otherwise compel the finding that it is more likely than not Abdel Malek would be tortured by or with the consent or acquiescence of the government if returned to Egypt. *See Shrestha*, 590 F.3d at 1048-49. We reject Abdel Malek's contention that the agency did not consider record evidence.

Finally, the record does not establish by a preponderance of the evidence that Abdel Malek deliberately fabricated a material element of his asylum application. *See Liu*, 640 F.3d at 930 (concluding that the particular inconsistencies and omissions the agency relied on for its supported credibility determination did not meet the heightened requirements for a frivolousness finding). Thus, we grant the petition as to the frivolousness finding and remand this case to the agency for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

12-74233

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW  DENIED in part; GRANTED in part;**

**REMANDED.**