**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RAGHWINDER SINGH,

              Petitioner,

  v.

WILLIAM P. BARR, Attorney General,

              Respondent.

No.   15-71306

Agency No. A096-138-103

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 12, 2019**
San Francisco, California

Before: GOULD and IKUTA, Circuit Judges, and PEARSON,*** District Judge.

     Petitioner Raghwinder Singh, a native and citizen of India, seeks review of

the Board of Immigration Appeals' ("BIA") final order, denying him asylum,

withholding of removal, and protection under the Convention Against Torture.

---

     *      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     **     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

     ***    The Honorable Benita Y. Pearson, United States District Judge for the Northern District of Ohio, sitting by designation.

Singh also appeals the BIA's frivolousness determination under 8 U.S.C. § 1158(d)(6).

Where, as here, the BIA reviews the IJ's decision for clear error and provides a written decision beyond mere boilerplate, we "look to the IJ's oral decision as a guide to what lay behind the BIA's conclusion" and review "the reasons explicitly identified by the BIA, and then examine the reasoning articulated in the IJ's oral decision in support of those reasons." *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008) (quoting *Kozulin v. INS,* 218 F.3d 1112, 1115 (9th Cir. 2000)).

We review questions of law de novo. *Flores-De Solis v. INS*, 796 F.2d 330, 333 (9th Cir. 1986). We review "the BIA's findings of fact, including credibility findings, for substantial evidence and must uphold the BIA's finding unless the evidence compels a contrary result." *Almaghzar v. Gonzales*, 457 F.3d 915, 920 (9th Cir. 2006) (internal quotation marks omitted).

Because Singh filed his application in 2002, our pre-REAL-ID Act case law applies. *See Singh v. Gonzales*, 439 F.3d 1100, 1105 (9th Cir. 2006). Under that law, "[m]inor inconsistencies that reveal nothing about an asylum applicant's fear for her safety are not an adequate basis for an adverse credibility finding." *Kaur v. Ashcroft*, 379 F.3d 876, 884 (9th Cir. 2004) (alterations omitted). However, in Singh's case, the BIA rested its adverse credibility determination on two admitted

lies: in his application and initial testimony, Singh intentionally omitted his first trip to the United States and falsely attested that he used the alias Roshan Kumar.

An admitted lie about those matters strikes at the heart of an asylum claim because it suggests that the petitioner is willing to lie in order to improve his chances of receiving asylum in the United States. Singh explained that he omitted his prior visit because he feared he would have to return to India if he mentioned his previous trip. As the BIA noted, Singh's prior entry into the United States also speaks to whether Singh feared persecution in India. *See Loho v. Mukasey*, 531 F.3d 1016, 1017–18 (9th Cir. 2008)). Although lies told to escape petitioner's original country, "without more, is not a proper basis" for finding an alien not credible, *Kaur*, 379 F.3d at 889, and although Singh testified that his first attorney told him to lie, Singh continued to lie well into his United States immigration proceedings, after he found new counsel who did not instruct Singh to lie. Therefore, the IJ's adverse credibility determination was supported by substantial evidence. Without credible testimony, Singh failed to carry his burden of establishing eligibility for asylum or withholding, and therefore the IJ did not err in denying these forms of relief. Moreover, absent credible testimony, Singh also failed to show that it is more likely than not that he would be tortured if he returned to India, and so Singh's CAT claim also fails. *See Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir. 2003).

An alien found to have "knowingly made a frivolous application for asylum" despite receiving notice of the consequences, becomes "permanently ineligible for any benefits." 8 U.S.C. § 1158(d)(6). The IJ must "make specific findings that the applicant knowingly filed a frivolous application." *Ahir v. Mukasey*, 527 F.3d 912, 917 (9th Cir. 2008). "[A]n asylum application may be deemed frivolous only if it contains 'deliberate fabrication' . . . and the applicant has thus perpetrated a fraud on the court." *Yan Liu v. Holder*, 640 F.3d 918, 927 (9th Cir. 2011) (alterations omitted). The fabrication must be a "material element" of the claim. *Id.* Here, evidence supports the BIA's determination that Singh filed a frivolous application: by lying about his prior entry, Singh deliberately fabricated a material element of his asylum claim. Moreover, Singh had been afforded sufficient opportunity to explain discrepancies and failed to do so. *Ahir*, 527 F.3d at 919.

**DENIED**.