**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LEI CHEN,

        Petitioner,

v.

WILLIAM P. BARR, Attorney General,

        Respondent.

No.   18-72617

Agency No. A213-045-055

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 4, 2020[**]
Portland, Oregon

Before:  FERNANDEZ and PAEZ, Circuit Judges, and BURGESS,[***] District
Judge.

      Petitioner, Lei Chen, a native and citizen of the People's Republic of China,

petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his

---

    [*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

    [***]     The Honorable Timothy M. Burgess, United States District Judge for
the District of Alaska, sitting by designation.

appeal from the Immigration Judge's ("IJ") denial of his application for asylum,[1] withholding of removal,[2] and Convention Against Torture ("CAT")[3] relief. We deny the petition.

The BIA's determination that an alien is not eligible for asylum must be upheld "if 'supported by reasonable, substantial, and probative evidence on the record.'" *INS v. Elias-Zacarias*, 502 U.S. 478, 481, 112 S. Ct. 812, 815, 117 L. Ed. 2d 38 (1992). "It can be reversed only if the evidence presented . . . was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." *Id.*; *see also Lianhua Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). That same standard applies to adverse credibility determinations. *See Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010).

We have reviewed the record and we are satisfied that the BIA's decision was supported by substantial evidence. The BIA agreed with the IJ's determination that Chen was not credible, based on numerous inconsistencies between Chen's testimony and the asylum officer's notes from Chen's Credible

---

[1] 8 U.S.C. § 1158(a)(1).

[2] 8 U.S.C. § 1231(b)(3)(A).

[3] United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, *adopted* Dec. 10, 1984, S. Treaty Doc. No. 100-20 (1988), 1465 U.N.T.S. 85, implemented at 8 C.F.R. § 1208.18.

2

Fear Interview.[4]  *See* 8 U.S.C. § 1158(b)(1)(B)(iii).  These inconsistencies directly bore on the seriousness of Chen's claimed fear of persecution, and the IJ provided clear reasons for rejecting Chen's explanations for each inconsistency.  *See Silva-Pereira v. Lynch*, 827 F.3d 1176, 1185–86 (9th Cir. 2016); *Shrestha,* 590 F.3d at 1043–44.  For example, his story regarding the massage parlor incident that precipitated his leaving China was significantly changed and embellished when he testified before the IJ.  *See Silva-Pereira,* 827 F.3d at 1185–86.  Moreover, the corroborating evidence he submitted was not sufficient to rehabilitate his credibility.  *See Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014).  The IJ also reasonably concluded that Chen's voluntary return to China undermined his claim that he feared persecution.  *Loho v. Mukasey*, 531 F.3d 1016, 1018–19 (9th Cir. 2008).  The evidentiary record does not compel a contrary conclusion.

We are also satisfied that, because Chen failed to provide credible testimony establishing a well-founded fear of persecution, he has therefore failed to establish a clear probability of persecution, as required for his withholding of removal claim.

---

[4]We are satisfied that the asylum officer's notes were sufficiently reliable and provided a useful comparison with Chen's in-court testimony.  *See Lizhi Qiu v. Barr*, 944 F.3d 837, 843 (9th Cir. 2019); *Yan Liu v. Holder*, 640 F.3d 918, 923 n.2 (9th Cir. 2011).

*See Garcia*, 749 F.3d at 791; *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Lastly, Chen has failed to establish eligibility for CAT relief. Claims for CAT relief are "'analytically separate'" from asylum and withholding of removal claims. *Garcia*, 749 F.3d at 791. However, "a claim for relief under CAT may still be rejected when the petitioner fails to provide evidence beyond those statements that the IJ determined were not credible." *Lianhua Jiang*, 754 F.3d at 740; *see also Singh v. Lynch*, 802 F.3d 972, 977 (9th Cir. 2015); *Farah*, 348 F.3d at 1157. Chen's CAT claim relied on the same evidence that was found to be not credible. The BIA therefore correctly concluded that Chen failed to establish eligibility for CAT relief.

Petition **DENIED**.