**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EULISES MACHIN MARTINEZ, | No. 19-73042 |
| Petitioner, | Agency No. A203-637-655 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 10, 2021**
Pasadena, California

Before: R. NELSON and BADE, Circuit Judges, and HELLERSTEIN,*** District
Judge.

Eulises Martinez, a native and citizen of Cuba, petitions for review of a

Board of Immigration Appeals' ("BIA") decision affirming an immigration judge's

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Alvin K. Hellerstein, United States District Judge for
the Southern District of New York, sitting by designation.

("IJ") order denying Martinez's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Martinez challenges the BIA and IJ's (collectively, "Agency") adverse credibility determination based on inconsistencies, omissions, and implausibility in his testimony and his demeanor.[1] Martinez also argues he was not afforded an opportunity to present corroborating evidence, violating his due process rights. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

We review factual findings, including adverse credibility determinations, for substantial evidence. *See Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1064 (9th Cir. 2020); *Shrestha v. Holder*, 590 F.3d 1034, 1039–40 (9th Cir. 2010). "Considering the totality of the circumstances," the Agency "may base a credibility determination on the demeanor, candor, or responsiveness . . . , the inherent plausibility of the . . . account, . . . the consistency of [the applicant's] statements . . . , and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim[.]" 8 U.S.C. § 1158(b)(1)(B)(iii). "Where, as here, the BIA agrees with and incorporates specific findings of the IJ while adding its own reasoning, we review [the] decisions" from both. *Bhattarai v. Lynch*, 835 F.3d

---

[1] We address only the adverse credibility determination, which was the sole basis for the BIA's decision. *See Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1075 (9th Cir. 2020).

2

1037, 1042 (9th Cir. 2016).

Here, the Agency identified several inconsistencies that undermined Martinez's credibility. Martinez stated that he was fired, alternatively, (1) on January 20, 2019, when he was told to leave a work meeting due to his views on a change to the Cuban constitution; (2) on January 21, 2019, when he received a document informing him he had been fired; or (3) on either January or February 24, 2019, when he was arrested because he did not vote on the change to the constitution. Martinez also testified there were radical changes to the Cuban constitution punishing anyone disagreeing with the government as a traitor but could not state where in the constitution these changes were made. Martinez later explained, rather, that the radical changes had been in implementing the constitution, but admitted the Cuban government had punished people for anti-government views before the alleged changes as well. Further, Martinez stated he received medical care for treatment for injuries sustained during his arrest at a hospital, but inconsistently stated that doctors do not provide care for people opposing the government.

The Agency also found Martinez omitted significant information from his written application and declaration. He orally testified that he was beaten, burned, and left in a running shower all night when he was arrested. But he never mentioned being left in a shower in his written asylum application or declaration.

3

The Agency found Martinez's explanation that he was trying to be "precise" unconvincing because he did not use all the space in the asylum application box describing harm or mistreatment and his declaration had no space limitation.

The Agency found some of Martinez's testimony implausible as well. Martinez testified that he arrived in Panama from Cuba by himself, happened to meet other Cubans he did not know, spoke to them only once, and then followed them by land all the way to the United States for over a month. Martinez also asserted that guards at the U.S. border forced him to throw away his possessions, including his backpack containing all his documents (and even his shoelaces, but not his shoes). Additionally, the Cuban government permitted him to leave, though he professed a fear of persecution. Though the Cuban government already knew he had left, Martinez nevertheless asserted he could not ask his family in Cuba for documentary evidence supporting his claim because it would put them at risk.

Moreover, the Agency found that Martinez's demeanor was non-responsive and evasive, requiring numerous attempts to get answers to very specific questions.

Considering the totality of the circumstances, substantial evidence supports the Agency's adverse credibility determination. The Agency provided numerous "specific and cogent reasons" supporting its determination. *See Shrestha*, 590 F.3d at 1042. And Martinez tellingly fails to provide corroborating documentary

4

evidence. *See Singh v. Holder*, 638 F.3d 1264, 1272–73 (9th Cir. 2011). His explanations for failing to provide such corroborating evidence are unconvincing, *see Cortez-Pineda v. Holder*, 610 F.3d 1118, 1124 (9th Cir. 2010), and do not compel concluding that this evidence was unavailable, *see Silva-Pereira v. Lynch*, 827 F.3d 1176, 1187 (9th Cir. 2016).

Finally, we review Martinez's due process challenge de novo. *Liu v. Holder*, 640 F.3d 918, 930 (9th Cir. 2011). We only "reverse[] on due process grounds if (1) the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case, and (2) the alien demonstrates prejudice, which means that the outcome of the proceeding may have been affected by the alleged violation." *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620–21 (9th Cir. 2006) (internal quotation marks and citations omitted).

Martinez argues he did not have enough time to obtain corroborating evidence. He noted on June 5, 2019, that his sister sent documents that were to arrive on June 3, 2019, but supposedly had still not arrived by his hearing on June 26, 2019. But he never requested a continuance. Moreover, he asserted below that all relevant evidence was taken from him at the border and he could not obtain more evidence from Cuba. In any event, even accepting his unsupported allegation that his sister sent documents, he does not meet his burden to show prejudice because he never explains how the purported documents might affect the outcome

5

of his case or how he was otherwise prevented "from reasonably presenting his case." *See Gutierrez v. Holder*, 662 F.3d 1083, 1091 (9th Cir. 2011) (internal quotation marks and citations omitted). Thus, there was no due process violation.

The Agency's adverse credibility finding renders Martinez ineligible for asylum or withholding of removal. *See Wang v. Sessions*, 861 F.3d 1003, 1009 (9th Cir. 2017). Likewise, because the only evidence supporting his CAT claim—Martinez's testimony—is discredited, his CAT claim also fails. *See Singh v. Lynch*, 802 F.3d 972, 977 (9th Cir. 2015). The motion for a stay of removal is denied.

**PETITION FOR REVIEW DENIED.**