**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 26 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CLAUDIA ELIZABETH AZUCENA-MERINO, | No.  20-71551 |
| Petitioner, | Agency No. A208-761-789 |
| v. | MEMORANDUM* |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 11, 2022**
Pasadena, California

Before:  WARDLAW and HURWITZ, Circuit Judges, and IMMERGUT,***
District Judge.

Claudia Elizabeth Azucena-Merino, a native and citizen of El Salvador,

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*       The Honorable Karin J. Immergut, United States District Judge for the District of Oregon, sitting by designation.

petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing an appeal of an order by the Immigration Judge (IJ) denying asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252(b) and deny the petition.

1.     Substantial evidence supports the agency's finding that Azucena-Merino does not qualify for asylum because she failed to "establish[] a nexus between [the] mistreatment and a protected ground." *Rodriguez Tornes v. Garland*, 993 F.3d 743, 751 (9th Cir. 2021) (internal quotation marks and citation omitted). The IJ considered Azucena-Merino's membership in the asserted particular social group (PSG) of Salvadorian women,[1] the three separate occasions on which Azucena-Merino encountered gang members, and whether the gang members were motivated by a protected ground. As to the two encounters at her places of work, the IJ reasonably concluded that the gang members were motivated purely by pecuniary or criminal interests. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). Other than Azucena-Merino's subjective belief that the gang members threatened her

___

[1]     Azucena-Merino also asserted two additional PSGs: Salvadorian women who take concrete steps to resist gang violence and Salvadorian women deported from the United States. The IJ found that both of these PSGs are not cognizable. But the substantial evidence in record applies with equal force to these other PSGs, which also hinge on Azucena-Merino's gender.

2

because women in El Salvador are easy targets for gang violence, there was no evidence in the record that any gang member referenced Azucena-Merino's gender, explicitly or implicitly.

There is also substantial evidence to support the IJ's finding that there is no nexus between a protected ground and Azucena-Merino's assault. While the IJ's conclusion—that the gang members were motivated purely by a desire to extort money from Azucena-Merino—is not the only one that can be made from the evidence, "[t]he only question for judges reviewing the [agency's] factual determinations is whether *any* reasonable adjudicator could have found as the agency did." *Garland v. Dai*, 141 S. Ct. 1669, 1678 (2021).

2. Substantial evidence also supports the agency's finding that Azucena-Merino failed to establish that the government of El Salvador was unwilling or unable to protect her from gang members. *See Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1064 (9th Cir. 2020). Azucena-Merino testified that she did not report the business extortion or her personal assault by alleged gang members to the authorities. She explained that her bosses told her not to report the extortion, and that she did not report her sexual assault because her view was that the police would not help her without firm evidence. The IJ noted that the country conditions report for El Salvador detailed the country's issues with gang violence, but also that the same report commented on the government's response—which has been so firm as

3

to draw some rebuke for being too heavy handed. Substantial evidence therefore supports the agency's determination that Azucena-Merino failed to show that the government was unwilling or unable to protect her.[2]

3.     Because Azucena-Merino fails to meet her burden of establishing eligibility for asylum, she necessarily fails to satisfy the higher standard for withholding of removal. *See Liu v. Holder*, 640 F.3d 918, 926 n.5 (9th Cir. 2011).

4.     In her opening brief, Azucena-Merino did not substantively challenge the denial of CAT relief, but instead only referenced her arguments in support of her asylum claim and stated that they also supported her CAT application. "Issues raised in a brief which are not supported by argument are deemed abandoned." *Crime Just. & Am., Inc. v. Honea*, 876 F.3d 966, 978 (9th Cir. 2017) (internal quotation marks and citation omitted); *see Cui v. Holder*, 712 F.3d 1332, 1338 n.3 (9th Cir. 2013)

**PETITION DENIED.**

---

[2]     In light of the foregoing determinations, we need not reach the agency's conclusions regarding whether Azucena-Merino's proposed PSGs were cognizable or whether internal relocation was feasible.